MARY A. E. RAGAN, *et al.*, v. DAVID E. JAMES, *et al.*

NEW TRIAL—*Surprise.* Motions for a new trial on the ground of surprise are addressed very much to the sound discretion of the court; and where a new trial is ordered for such cause, and it appears that to promote the ends of justice an opportunity should be afforded for the introduction of new testimony that could not have been anticipated on the former trial, a reviewing court will not vacate such order.

*Error from Wyandotte District Court.*

THIS ACTION was commenced by *Mary A. E. Ragan*, *George T. Ragan*, and *Mary C. Ragan*, as plaintiffs, against *David E. James* and *Peter W. Deitsch*, as defendants, to quiet their title to a certain tract of land in Wyandotte

county. The plaintiffs claimed the land as the heirs at law of Coleman Ragan, deceased. They allege that said deceased was in possession of said land at and for a long time prior to his death, and that they, the plaintiffs, have been in possession thereof ever since that time. They allege that legal title to said land was in the defendant *David E. James*, but that said *James* held the same in trust for said Coleman Ragan; and that the defendant *Peter W. Deitsch*, with full knowledge of the trust, purchased said land from said *James;* and they demanded judgment that the conveyance from *James* to *Deitsch* be decreed to be void, and held for naught, and that all the right, title and interest of the said *James* in and to said lands be decreed to vest in the plaintiffs, etc. The defendants answered separately; *James* denied the trust, and *Deitsch* denied all knowledge of the supposed trust, and alleged that he was an innocent purchaser in good faith, and the owner in fee of said lands. The case was tried at the July Term, 1870. The court found the issues for the plaintiffs. The defendants moved for a new trial, and in support of the motion the affidavit of *Deitsch* was filed, showing surprise, etc. The court sustained the motion, and granted a new trial. The plaintiffs excepted, and now bring the case here, alleging that the court erred in sustaining said motion.

*L. C. Slavens*, and *Nelson Cobb*, for plaintiffs in error:

1. There was no ground for a new trial. The evidence on the motion shows no newly discovered evidence.

2. The proof does not shows urprise which reasonable diligence could not have guarded against.

The petition alleged that Deitsch purchased with notice of plaintiffs' rights, and he had therefore no right to be surprised that such evidence was given. Ordinary pru-

dence certainly would require him, when he had the evidence in his power, to produce it.

That he was sick, was no excuse. He should have asked a continuance by his counsel. 5 Wend., 115; 18 Johns., 489; 2 Caines, 155; 15 Johns., 296; 1 Gra. & Wat. on New Trials, 196; 18 Wis., 594.

*Cobb & Alden,* for defendants in error :

1. The granting of a new trial is a matter of discretion largely, which the courts will not regulate especially: nor if the discretion is not governed by fixed principles. *People v. Sup. Court of N. Y.,* 5 Wend., 114.

2. " Motions for a new trial on the ground of surprise are addressed very much to the sound discretion of the trial court; and if it appear to such court that to promote the ends of justice an opportunity should be given to present new testimony the court will set aside the verdict and grant a new trial, and such order will not be disturbed by a superior court. 34 Barb., 291; 48 Barb., 197; Wait's Dig., p. 1107, § 239.

No laches can be attributed to the defendant Deitsch; and he having shown to the court that he was surprised by the evidence a new trial was properly granted.

The opinion of the court was delivered by

KINGMAN, C. J.: The plaintiffs in error were plaintiffs below. The cause was tried by the court, and judgment awarded plaintiffs, and on motion of defendants a *new trial* was granted. To reverse the order granting a new trial the plaintiffs bring the cause to this court.

The only ground relied upon in this court to sustain the order of the court below, is surprise, the other alleged causes being abandoned. The surprise consisted in this :

Peter W. Deitsch was the defendant chiefly interested in the result of the trial. He had bought the land in controversy. It was a vital point in the case, whether he knew of plaintiffs' equitable claim thereto, before he purchased. In other words, whether he was an innocent purchaser, without notice. On the trial one Peck testified that Deitsch came to him and asked him if he knew what claim Coleman Ragan's heirs had to the land, whereupon the witness told Deitsch that they had a claim to the land, and explained how their claim arose, giving the grounds on which the court decided the cause. This conversation purported to have taken place before Deitsch bought the land, and of course brought home to him the knowledge of the equitable claim of plaintiffs in the land; and it was the only testimony that certainly and definitely did bring this knowledge to him before he purchased. In his motion for a new trial, Deitsch made an affidavit which among many other things stated that he was sick, and unable to attend the trial, and that he could not and did not anticipate the testimony of Peck; that to the best of his knowledge he never knew Peck prior to the date of his purchase, and did not have any such conversation with him as Peck testified to, and that such testimony was a surprise to him which ordinary prudence could not have guarded against, and that he will be able to show upon another trial that he had no knowledge of plaintiffs' claim. On this affidavit the court below granted a new trial, and this court will not reverse the order. The judge who tried and decided the cause, saw the witness Peck when he testified, had full opportunity to observe his manner and bearing on the witness stand, and was in a better position to form a correct opinion as to the likelihood as to whether his testimony was fabricated, than this court is. The affidavit states that it was false.

It is true that Deitsch had notice by the formation of the issues of what would be attempted to be proved against him; but he had no reason to suppose it would be done by false testimony. He might well have been willing to have his case tried in his absence on the facts. It does not follow that he was prepared for the testimony of Peck. If it was not true, he could not have anticipated it, and it was well calculated to surprise him. The court which heard all the testimony having ordered a new trial, we are satisfied that justice is not to be thwarted, nor the law perverted thereby. In cases like this no precise rule can be laid down which can always be invoked. The decision of each case must rest somewhat on the discretion of the court where the trial is had: Gra. & Wat. on New Trials, 1085; and the doing of substantial justice is ever to be kept in view; id., 1086.

We have not overlooked the case of *Smith v. Lowry*, 1 Johns. Ch. R., 220, referred to by the learned counsel for the plaintiff in error; and we concur with him in considering the facts very similar to the present case. But they were presented under very different circumstances. A court of law where the trial was had, had *overruled* the motion for a new trial, and the chancellor refers to this fact as one of great influence in determining his decision.

The order of the district court granting a new trial is affirmed.

All the Justices concurring.