HENRY T. GREEN v. M. L. BULKLEY.

1. ORDER OF TRIAL OF CASES; *Practice.* It is not necessary that the trial of cases involving issues of fact shall be in the order in which they are placed on the trial docket. Precedent cases may be continued, or laid at the heel of the docket, or other definite disposition made of them, and subsequent cases be then regularly taken up and tried.

2. BILL OF EXCEPTIONS; *Refusal of Judge to Settle and Sign; Remedy.* If a trial judge refuses to settle and sign a true bill of exceptions in a case tried before him, any party tendering the same can enforce, by an action, the settling and signing of the bill, but the failure or refusal of the trial judge to settle and sign a bill of exceptions is no ground for the reversal of the judgment rendered in the cause.

3. ———— A party having a matter in litigation before a district court, who relies upon the opinion or statement of an attorney in no way connected with or interested in his cause as to the time precedent cases will consume in their trial before his case can be reached, does so at his peril. If the opinion or statement of such attorney does not prove correct, then, although the party is surprised at the early trial of his case he has no valid reason to complain.

Green v. Bulkley.

4. **Presence in Court** *of a Party who is Suitor and Attorney.* A party who is suitor and attorney in a case pending in the district court for trial upon certain issues of fact, and which has been assigned for trial on a definite day, must, in order to protect his rights, be present at the court during all the session on said specified day, and at all hours of the court every subsequent day until there is a final disposition of the cause.

5. **Discretion of Court,** *Not Abused; Practice.* A defendant, who was suitor and attorney in a case at issue in the district court, was absent when his case was called between two and three o'clock P. M., at the reconvening of the court upon the expiration of a noon recess. Soon after the case had been disposed of, and after the court had entered upon the transaction of other business, the said defendant came into court and demanded a trial. This was refused. He then filed a motion for a new trial. On hearing, this was denied. It appeared that his absence, at the time, was owing to a belief on his part that prior cases, appearing on the published list of causes assigned for hearing, would consume a great portion of the afternoon, and that he also relied upon the statement of an attorney in a case pending before the court at the noon adjournment, that such case would consume an hour and a half upon the reconvening of court after dinner, and therefore that it was not necessary for him to be present before three o'clock P. M. to attend to his case. *Held,* As the case was called and disposed of in its regular order on the docket, and as the trial court, with a full knowledge of all the facts in the case, has refused to reopen the case, and denied a new trial, that this court cannot say under the circumstances that there was any abuse of discretion on the part of the trial judge, or such surprise as demanded the ruling of the trial court to be reversed.

6. **Jury Trial,** *How Waived.* A defendant, by not appearing at the time his case comes on to be heard on a regular call of the docket, waives his right to a jury trial. (Civil Code, § 289.)

7. **Decision of Trial Court,** *Not Disturbed.* On a motion for a new trial, the misconduct of the prevailing party was alleged to consist of obtaining a judgment in his favor by his own perjury. He testified orally in the court. Afterward, *ex parte* affidavits were filed *pro* and *con* as to his testimony. Such affidavits were conflicting, and the trial judge denied the motion. *Held,* This court, under the showing made, will not disturb the decision of the trial court.

*Error from Leavenworth District Court.*

Replevin brought by *Bulkley* against *Green,* to recover the possession of two mares. At the December Term, 1878, of the district court, plaintiff took judgment against the defendant, who brings the case to this court. The facts sufficiently appear in the opinion.

*J. H. Gillpatrick,* and *H. T. Green,* for plaintiff in error.
*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially these: Two actions, numbered respectively 7413 and 7422, were pending in the district court of Leavenworth county, for the recovery of certain personal property. Martin L. Bulkley was the plaintiff in both cases, and Henry T. Green the defendant. The cases were consolidated by order of the court, and tried on January 15, 1879. By the published list of cases set for trial at the December Term, 1878, these were assigned to be tried January 13, 1879; on that day the defendant was ready for trial, with his witnesses in the court. Owing to delay in the disposition of cases set before these, they were not then tried. On January 4, 1879, the court's attention was called to certain cases on the docket, and said Green remarked to the court that cases Nos. 7413 and 7422, consolidated, were jury cases; to which the counsel of plaintiff replied that he supposed they were jury cases if the defendant desired a jury. The defendant, who was both suitor and attorney, (his counsel, Hon. J. H. Gillpatrick, being in attendance at Topeka as a member of the state legislature,) continued to attend court each day from January 13th to the 15th, and was at the court room in the forenoon of the latter day, until the adjournment of the court at noon, at which time a jury trial was progressing, to wit, case No. 7333. The attorney in said case, one Ashton, made the opening address to the jury just before the adjournment. The court adjourned to 2 P. M. The defendant left the court thinking his actions, Nos. 7413 and 7422, could not be reached for trial for some time. About half-past one o'clock he met Ashton, the attorney in case No. 7333, then on trial, and Ashton stated to defendant that the jury trial which was in progress at the noon adjournment would occupy one and a half hours; that Messrs. Baker & Ide were yet to argue the case for the de-

fendant, and that one N. H. Wood was to close the argument for plaintiff. Thereupon the defendant went to his home, two blocks from the court house, for dinner. About two and a half o'clock a messenger informed defendant that his cases, Nos. 7413 and 7422, had been called for trial. He immediately started for the court room and reached there in a few minutes. On his arrival he found the cases had been tried and judgment rendered against him, and that the court had entered upon other business. He applied at once to the court to-open the case, that he might make his defense. This was refused. A motion for a new trial was then made, and on a hearing, denied. The defendant (plaintiff in error) now brings the case here on error.

The alleged errors are: Irregularity in the proceedings of the court; accident or surprise which ordinary prudence could not have guarded against; the denial of a jury trial to defendant; misconduct of the plaintiff. Of these in their order: The irregularities charged are, that the case was taken up and tried out of its order, and that the court refused to incorporate in the bill of exceptions certain matters concerning the trial docket and the demand for a jury.

The record before us fails to sustain the assertion that the case was taken up on an irregular call of the docket, or that it was tried out of its turn. The showing in this regard is as follows: Defendant Green testified that at the noon adjournment on January 15, 1879, beside the case No. 7333 then on trial, there were ahead of this case suits Nos. 7384, 7404, 6998, 7407, 7411, 7007, and in the published list of causes referred to in the affidavits these numbers are assigned for trial prior to Nos. 7413 and 7422; Nos. 7384, 6998, 7007 being set for January 10, 1879, and Nos. 7404, 7407 and 7411 for January 13th. Counsel for plaintiff, Lucien Baker, testified that the court convened pursuant to adjournment, at 2 p. m. on January 15th; that the case on trial at the time of the adjournment for dinner was then submitted to the jury without further argument; that the court called cases Nos. 7413 and 7422 (being this case as consolidated) in their or-

der for trial, and said counsel announced himself ready for trial; that the court then called the case of *Woods v. Greelish*, No. 7407, and the same was passed at the instance of counsel therein (being other counsel than in 7413 and 7422.) Thereupon the court called this case, being the consolidated cases, and counsel of plaintiff announced himself ready; that the court then directed the bailiff to call said Green, the defendant, at the door; that this was about half-past two o'clock P. M.; that the bailiff returned, saying he did not answer. Thereupon, the judge asked said counsel what he would do with the cases, and Baker replied he was ready for trial; that the trial of the cases was then proceeded with; that the plaintiff was sworn as to the ownership and value of the animals in dispute, and also said counsel as to a demand for them of Green before suit was brought. The court entered a finding for the plaintiff, and after the court had entered upon other business before the court, Green came into court and made demand to try the cases.

In the first place, all the presumptions are in favor of the regularity of the proceedings of the trial court. In the next place, the testimony of Baker shows that the court called the consolidated cases in their order for trial. It is true, the evidence of Green and the published list of assigned cases shows that six causes were assigned for hearing prior to those cases, but there is nothing in the record to show that the six prior causes were not properly passed or otherwise disposed of before cases Nos. 7413 and 7422 were tried. It is shown that case No. 7407 was passed for satisfactory reasons. There is no showing that the other five were skipped or passed over irregularly. It is not necessary that cases should be tried arbitrarily in their order, but they may be continued or laid at the end of the docket, or other definite disposition made of them, and subsequent cases then be regularly taken up and tried. (Civil Code, §§ 314, 316.)

In reference to the action of the court in refusing to incorporate in the bill of exceptions certain matters, which the defendant claims as material, it is sufficient to state such ac-

tion is no ground for a reversal of the judgment. This court cannot settle bills of exceptions. If the exceptions are properly reduced to writing, we can compel a trial judge to perform his duty of settling and signing them, but we cannot perform that duty for him. In this case, if the trial judge refused to settle and sign a true bill of exceptions, counsel could have brought their appropriate action to have the judge sign the same.

Eliminating the charge, that the proceedings of the trial court were irregular, the principal question remaining is, was there such surprise in the trial of the action as will warrant this court in reversing the ruling of the district court? It seems the defendant relied upon the statement of an attorney not connected with the cause, that the case on trial at the noon adjournment would consume an hour and a half of time on the convening of court. If a party relies upon such statements, he does it at his peril. If they do not prove correct, then, although a person may be surprised, he has no reason to complain. (*M. K. & T. Rly. Co. v. Crowe*, 9 Kas. 496.) "Every one having a matter in litigation before any tribunal or court, . . . must, in order to protect his rights, be present at every session at which the controversy may be determined, until there is a final disposition. He stays away at his peril; and if during his absence the matter is disposed of, he can blame no one but himself. This in many cases is a great hardship. Many a suitor in the courts has felt it to be so. Yet no remedy therefor has as yet been devised." (*Masters v. McHolland*, 12 Kas. 17; *Mehnert v. Thieme*, 15 Kas. 368.)

Again, as a general rule, a trial judge is more capable of correctly deciding whether the surprise alleged is induced by oversight, inattention or forgetfulness, than a reviewing court. Many matters transpire in the conduct of a case in the court room which it is almost impossible to present in detail to another tribunal, and of all of which the trial judge is necessarily observant. Further, the trial judge becomes better acquainted with the accustomed acts and habits of the

various attorneys in constant practice before him, and there-
fore can more accurately judge whether a complaint of such
surprise, as is here charged, is of such a character as to de-
mand relief.   In some cases, the acts of a trial judge which
are seemingly harsh and arbitrary are, in view of all the
circumstances surrounding them, just and even necessary to
enforce dispatch and attention in the trial of cases.   The
writer of this recollects that on one occasion several years
ago, Mr. Justice MILLER, presiding in the U. S. circuit court
at Topeka, dismissed a very important case, called in the
regular course of the docket, while the attorney of plaintiff
was momentarily absent from the court room at his office to
procure some authorities which he needed.   On the speedy
return of the attorney to the room, the learned justice was
informed of the reason of his temporary absence, yet he re-
fused to reinstate the case.   Such action would ordinarily
seem hardly fair to the proper administration of justice, yet
at that time, just such an example was necessary to enforce
prompt attention on the part of the bar.   Sometimes severity
is demanded.   In this case, the trial court has refused a new
trial on account of accident or surprise, and in our view of
the matter, no sufficient showing has been presented to us to
reverse the decision.   Motions for a new trial on the ground
of surprise are addressed very much to the sound discretion
of the court. (*Ragan v. James,* 7 Kas. 354.)

The defendant has no valid complaint because the case was
tried by the court, without a jury: by not appearing at the
time the case came on to be heard, he waived his right to a
jury trial. (Civil Code, § 289.)

The misconduct alleged is, that the finding of the court was
obtained by the perjury of the plaintiff, the plaintiff testifying
orally in the court.   Afterward, *ex parte* affidavits were filed
*pro* and *con* regarding this testimony: the affidavits were con-
flicting.   The trial judge denied the motion.   We do not think,
under the circumstances, we ought to disturb the decision of
the trial court.   By the provisions of § 568 of the civil code,
if the judgment was obtained by perjury, and diligence is

shown, the defendant can obtain a vacation of it. This question can be more satisfactorily determined in such proceedings than upon mere *ex parte* affidavits read upon a motion for a new trial.

We have also examined all the other questions submitted to us, but believe further comment unnecessary. If the trial judge had reopened the case upon the appearance of the defendant, or if he had granted a new trial for surprise, we would have not interfered. (*Ragan v. James*, 7 Kas. 354.) He did neither.

Upon the record we cannot reverse his action, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.