## MICHAEL KNAUBER *et al.* v. JAMES WATSON.

CONTINUANCE, *Application for — Diligence — New Trial — Discretion of Court.* Where an application and affidavits for a continuance are received by mail upon the same day a case is assigned for trial, but after a judgment has been rendered, in the absence of the defendants, and it appears that the term of court convened upon the first Monday in September, and the case was assigned for trial on the 24th day of that month, *held*, that while the showing was sufficient to have entitled the defendants to a continuance if presented in proper time, the defendants did not exercise proper diligence in presenting such application, especially when the cause for such continuance was known at or near the commencement of the term of court; and *held*, further, that the district court did not abuse its discretion in refusing to grant the defendants a new trial on the ground of accident and surprise which ordinary prudence could not have guarded against.

*Error from Johnson District Court.*

ACTION by *Watson* against *Knauber* and another to correct a deed. Plaintiff had judgment at the September term, 1888,

and defendants bring error. The material facts appear in the opinion herein, filed at the session of the court in February, 1893.

*Maloy & Kelley*, for plaintiffs in error.
*McGrew & Watson*, for defendant in error.

Opinion by GREEN, C.: This was an action brought by James Watson against Michael and Anna Knauber in the district court of Johnson county, to correct a mutual mistake in a deed to 40 acres of land. The plaintiff asked that the deed be reformed so as to make it the joint deed of the grantors. To this petition the defendants first interposed a demurrer, which was overruled. The defendants afterwards filed a verified answer, denying the general allegations of the petition. The case was docketed for trial on the 24th day of September, 1888. The defendants and their attorneys lived at Council Grove, in Morris county. The case was called for trial between the hours of 11 and 12 o'clock of the day upon which it had been assigned for trial. No one appeared for the defendants and judgment was rendered against them. It seems that on the 21st day of September, 1888, the defendants prepared an application for a continuance at Council Grove. This application was supported by the affidavit of the family physician, showing the condition of Anna Knauber; that she had been under his immediate care for four weeks; that it was impossible for her to leave her bed, and that she could not give evidence in court. The husband made an affidavit showing the wife's sickness and the materiality of her evidence. One of the attorneys for the defendants made an affidavit establishing the fact that since he had learned of Mrs. Knauber's sickness he had attempted to get a statement from her as to what her evidence would be, but that she had been too sick to furnish such evidence, and he could not, therefore, take her deposition. The application and affidavits were all prepared on the 21st day of September. By the affidavit of J. W. Parker, an attorney

at Olathe, it appears that the application and affidavits, addressed to the firm of which he was a member, were taken by him out of the post office about 1 o'clock P. M.; that at the same time he received a letter employing him as attorney in this case; that he filed the application and affidavits for a continuance, upon the opening of court at 2 o'clock in the afternoon of the same day the judgment was rendered; that he then first learned that the case had been disposed of. The defendants thereupon filed a motion for a new trial, upon the following grounds: First, accident and surprise which ordinary prudence could not have guarded against; second, that the judgment and decree are not sustained by sufficient evidence. The court overruled the motion, and the plaintiffs in error bring the case here upon the two assignments of error.

It is contended by the plaintiffs in error that the record shows that they were diligent in their preparation of their application for a continuance. We are of the opinion that the showing made was sufficient to entitle them to a continuance. But the real question for us to decide is whether the defendants were diligent in making their application. The case was one of sickness, which would naturally appeal to the judgment of the court. According to the affidavit of the family physician, Mrs. Knauber had been sick at least four weeks. The attorney does not state when he first learned of her sickness. It would seem that her sickness was of such a character that it must have been known to the husband or her attorney that she would not be able to attend court or to have her deposition taken. Upon such a state of facts, it was clearly the duty of her attorney to have made a showing for a continuance in proper time. The September term of court in Johnson county commenced on the first Monday. Applications for continuance should not ordinarily be made so late in the term, unless the cause for such continuance arose subsequent to the commencement of the term. There is no showing made as to when the application and affidavits were mailed at Council Grove. If mailed, as stated by counsel

for plaintiffs in error in their brief, at once after they were sworn to, on the 21st, they should by due course of mail have reached Olathe before noon of the 24th. We are of the opinion that the plaintiffs in error did not show such diligence as to make it an abuse of discretion in the trial court to refuse to grant a new trial on the ground of accident and surprise which ordinary prudence could not guard against.

Upon the second assignment of error, that the judgment is not sustained by the evidence, the record fails to show that the evidence is all here; hence we cannot determine that question.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.