FERDINAND ZIMMERER AND EMMA ZIMMERER v. THE FREMONT NATIONAL BANK.

FILED FEBRUARY 9, 1900. No. 9,101.

1. **Motion for New Trial: ACCIDENT: SURPRISE: JUDICIAL DISCRETION.**
A motion for a new trial on the ground of accident or surprise is addressed to the sound discretion of the trial court in the furtherance of justice, and unless there appears to be an abuse of that discretion, the ruling upon such a motion will not be disturbed by a reviewing court.

2. **Motion to Strike.** A general motion to strike certain affidavits from the files is rightly overruled if such affidavits contain material and pertinent matters regarding the subject under consideration as well as statements which are objectionable. Such motion should be narrowed to the objectionable matter alone.

ERROR from the district court of Dodge county. Tried below before MARSHALL, J. *Affirmed.*

*Hamer & Hamer*, for plaintiffs in error, argued that it was an accident which might come to any busy lawyer, which came to counsel for the defendants Zimmerer, and it was without fault upon his part or upon the part of his clients. The motion for a new trial should have been sustained. See *Horn v. Queen*, 4 Nebr., 114; *Smyth v. Castler*, 16 Nebr., 266; *Horn v. Queen*, 5 Nebr., 472; *Parker v. Kuhn*, 19 Nebr., 394; *Hendrickson v. Hinckley*, 17 How., 443; *Roggencamp v. Dobbs*, 15 Nebr., 621; *Leiby v. Heirs of Ludlow*, 4 O., 493; *Huntington & Macintyre v. Finch & Co.*, 3 O. St., 448; *Bank v. Doty*, 9 O. St., 505; *Thompson v. Sharp*, 17 Nebr., 72.

Due process of law requires an orderly proceeding adapted to the nature of the case in which the citizen had an opportunity to be heard, and to defend, enforce and protect his rights. A hearing or an opportunity to be heard was absolutely essential. See Black, Constitutional Law, sec. 212; *Stuart v. Palmer*, 74 N. Y., 183.

*Fred W. Vaughn*, for defendant in error.

HOLCOMB, J.

The record in this case discloses that a trial was had in the absence of the defendants and their attorney. A motion for a new trial, assigning many grounds therefor, was filed and overruled by the court. If defendants were entitled to a new trial for any cause, it was on account of "accident or surprise, which ordinary prudence could not have guarded against," and which was properly assigned as one of the grounds for a new trial. Considera-

tion of no other question will therefore be undertaken. Affidavits in support of the motion and counter-affidavits were filed and considered on the hearing. The defendants and their attorney were non-residents of the county in which the action was pending. It is made to appear from the affidavit of plaintiffs' counsel that the case had been continued twice out of courtesy to the defendants' counsel, and that at the beginning of the term at which a trial was had the case stood second on the trial list, but, to accommodate the defendants' counsel, and by consent of both parties in open court, the case was placed on the trial list as three and one-half, and it was agreed between counsel that it should not be tried before the following Thursday. On Thursday the case was reached and postponed twice, upon the assumption that the defendants and their counsel might come to the place of trial on incoming trains from the direction in which they resided. They not appearing, a trial was had in their absence. It also appears from the showing made by the defendants for a new trial that their attorney, after the case had been placed on the trial list for trial as above mentioned, made an arrangement with a resident attorney to advise him by telegram when the case was about to be reached for trial, and then left for another part of the state. Neither the counsel for the plaintiff nor the court had any knowledge of the private arrangement referred to. On the day of the trial the resident attorney was called away on business, and the case was thus allowed to proceed to a trial without the defendants being represented, either in person or by counsel. It appears that the attorney for the defendants had in the meantime received notice of the pendency of another trial in another county, a county seat contest, in a distant part of the state, where he went and was engaged in the trial of the case last mentioned for several days and until after the trial of the case at bar. No further inquiry was made regarding the trial of this cause, and no steps appear to have been taken to have

other counsel represent the defendants therein. In view of what had occurred when the case was placed on the trial list, counsel for the plaintiff and the court were justified in concluding, as it seems they did, that the case had been abandoned by the defendants. The resident attorney had in no way been employed in the case, and evidently looked upon his promise to notify the defendant's attorney by telegram when the case was about to be reached for trial as not being of such a nature as to require him to inconvenience himself or neglect his own business for that purpose. It was a slight courtesy which he was willing to extend, presuming that he would be in court and thereby have knowledge of the progress of the cases preceding this one.

In view of the foregoing we are to determine whether error was committed in the overruling of the motion for a new trial. At the threshold of the inquiry, it is proper to observe that it is a firmly established principle of law that a motion for a new trial on the ground of accident or surprise is addressed to the sound discretion of the trial court in the furtherance of justice, and unless there appears to be an abuse of that discretion, the ruling upon such a motion will not be disturbed by a reviewing court. In *Tingley v. Dolby*, 13 Nebr., 371, it is said: "Motions for a new trial are addressed to the sound discretion of the court, and this rule prevails whether the ground of the motion is that the verdict is against the weight of evidence, or for accident or surprise, newly discovered evidence, or like cause. But this discretion is a legal discretion." See *Sang v. Beers*, 20 Nebr., 365; *Green v. Bulkley*, 23 Kan., 130; Hayne, New Trial & Appeal, sec. 86. It is said in *McGuire v. Drew*, 83 Cal., 229: "The terms 'accident' and 'surprise,' though not strictly synonymous, have, as used in legal practice, substantially the same meaning, as each is used to denote some condition or situation in which a party to a cause is unexpectedly placed, to his injury, without any default or negligence of his own, which ordinary prudence could not have

guarded against." The attorney for the defendants, when in court at the beginning of the term, was apprised of the fact that the case would probably be reached by the Thursday following or sooner, and there appears to have been an understanding that it should be, in effect, set for trial on that day. It appears from one of the affidavits that the trial judge suggested to counsel that he procure the assistance of a resident attorney to represent the defendants in the event that he should not return in time for the trial. This suggestion was not acted upon. The evidence also shows that he left on a different errand than to attend the county seat contest, and was to be absent but a couple of days. The resident counsel, who was to advise him by telegram when the case was about to be reached, was acting, if at all, as the agent of the defendants. When he was called away on business, he advised no one regarding his promise to the defendants' counsel. The counsel for plaintiff acted apparently in perfect good faith. The court was cognizant of the manner in which the case had been placed on the trial list, and permitted the trial to proceed in the absence of the defendants and their counsel, because there was no good reason for further delay. If the resident attorney who was to notify the absent counsel was in the least at fault, which we do not assume, his failure would be attributable to the defendants, under the well-established principle that those who were acting for them were acting as their agents. See *Kyle v. Chase,* 14 Nebr., 528; *Webster v. McMahan,* 13 Mo., 410; *Mulholland v. Heyneman,* 19 Cal., 605. While it appears that when counsel left the place of trial he intended to be gone for a couple of days only, no effort was made by him to explain his continued absence, or advise those directly interested of the same. Nor was any attempt made to secure a further postponement. The fact that he was engaged in another important trial would not excuse his absence in the case at bar. The work of the courts would soon be in a chaotic condition, if, as a matter of right, an attorney could require

the postponement of a case while he was engaged in other business. We think counsel's position in this case and the cause of his absence is fairly stated in the following excerpt from an affidavit filed by him in support of his motion for a new trial: "Affiant further says that the application to set aside the verdict and proceedings in this case is made in good faith in furtherance of justice, and not for the purpose of delay, and that the failure of affiant to be here and present the case upon the part of the defendants when it was reached for trial was because he was engaged in the actual and very real county seat controversy in Box Butte county heretofore described in his affidavit filed in this case in support of the motion for a new trial, and that affiant did not directly or indirectly do anything in the said county seat controversy with a view of delaying this case, or in any way putting off this trial, or in any way obstructing justice herein." All the circumstances surrounding the trial of the case were within the knowledge of the trial judge in the court below. During his lifetime he was known to be one of the most learned, painstaking and careful judges upon the bench. After a full hearing of defendant's application for a new trial he overruled the same. We can not, upon the record presented to us, say there was an abuse of the sound discretion which is always lodged in the trial court. We are rather constrained to say that the ruling was entirely just and is calculated to bring about a due, orderly and more certain administration of justice. In *Stout v. Lewis*, 11 Mo., 281, it is well said: "It is obvious that, in matters of this kind, the court possessing original jurisdiction enjoys advantages for determining them far superior to those enjoyed by this court. Any one the least conversant with the administration of justice in courts of original jurisdiction, must be aware of this. These motions are addressed to the sound discretion of those courts, to be liberally exercised in furtherance of justice. * * * An indiscriminate interference by this court with matters of

pure discretion in courts below, would, in the end, be productive of more injustice than a refusal to interfere in any case. In the review, justice might sometimes be done, but in the most of them it would be little more than a groping in the dark, in which the court could not satisfy itself whether it was doing right or wrong."

Attention is directed to the alleged erroneous ruling of the court in refusing to strike two certain affidavits from the files on the hearing of the motion for a new trial. An examination discloses that one of them was for the purpose of controverting defendant's affidavits showing a meritorious defense, and it would seem that an attempt was made to try the merits of the case upon the motion for a new trial, which was manifestly improper. In the other affidavit, however, only a part of it was devoted to a disputation of the defense alleged, and much was contained in it that was material and pertinent to matters properly before the court in deciding the motion for a new trial. The court doubtless considered only evidence that was proper under the motion under consideration. The defendant having moved generally to strike both affidavits from the files and without distinguishing the objectionable matter from the portions that were proper and material, the court rightly overruled the motion. Such a motion should be narrowed to the objectionable matter alone. See *Chicago, B. & Q. R. Co. v. Spirk*, 51 Nebr., 167; *Smith v. Meyers*, 54 Nebr., 1.

Observing no reversible error in the ruling complained of, the judgment of the court below is

AFFIRMED.