EDWARD W. SIMERAL, APPELLEE, V. EDWARD ROSEWATER ET AL., APPELLANTS.

FILED DECEMBER 21, 1906. No. 14,561.

Appeal: MOTION FOR NEW TRIAL. A motion for a new trial on the ground of an abuse of discretion on the part of the trial court in proceeding with the trial in the absence of defendants and their counsel is itself addressed to the sound discretion of the court, and the judgment will not be reversed by the reviewing court unless an abuse of discretion is shown.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JR., JUDGE. *Affirmed.*

*W. J. Connell,* for appellants.

*William F. Gurley* and *J. W. West, contra.*

EPPERSON, C.

The defendants seek a reversal of the judgment of the district court for Douglas county on the ground of an abuse of discretion in proceeding to trial in the absence of defendants or their attorney. The case was tried before Judge Kennedy, and judgment rendered for plaintiff: A motion for a new trial was overruled, and defendants appeal.

The only question discussed in the briefs is an abuse of discretion on the part of the trial court in proceeding with the trial in the absence of defendants and their counsel. It appears from the evidence that the rules of the district court for Douglas county provide that, when an attorney is actually engaged before one of the judges of the district court, he is never required to appear in a case before another judge until the first case is disposed of, and that, when a case is announced for trial before one of the judges, to be taken up as soon as a case on trial before the other is disposed of, and, where one of the attorneys is engaged in both cases, it is the duty of the attorney to appear for the trial of the case so called when the case pending before the other judge is disposed of. Such a rule is necessary in counties having two or more judges sitting at the same time. It also appears from the record that the case at bar was first announced for trial May 23, 1905, and was passed until June 16, 1905, on account of defendants' counsel being engaged in the trial of other cases. On the morning of June 16, defendants' counsel was engaged in the trial of a cause, referred to in the record as the *Mort* case, before Judge Redick, but appeared before Judge Kennedy and announced that the *Mort* case probably soon would be settled. Judge Kennedy then announced that the trial of the case at bar would proceed

upon the termination of the *Mort* case. When the *Mort* case was disposed of, counsel for defendants herein participated in the trial of another case, referred to as the *Pierce* case, immediately called before Judge Redick, without informing the latter, until the jury was called, that the case at bar had been called, and had been announced for trial and was awaiting his presence before Judge Kennedy. He did, however, appear before Judge Kennedy, and announced that he was engaged in the *Pierce* case, and that counsel and the court could go ahead, if they liked, he would not be there. Counsel for defendants is very active in the legal profession, representing many litigants and trying many cases in the district court for Douglas county, and in other courts. On the call for June 16, 1905, there were 34 cases in which he was employed. All this shows the necessity of the rule above referred to. It appears from the affidavit of defendants' counsel that, after the jury had been called in the *Pierce* case, his dilemma was explained to Judge Redick, and affiant asked that the *Pierce* case be delayed until this case was disposed of, and that Judge Redick refused because the jury had been called. It also appears that Honorable John L. Webster was employed in the *Pierce* case, but that he expected to leave Omaha Monday evening, June 16, before the conclusion of the trial. It was not shown that Judge Redick was informed that the case at bar was set for trial before the *Pierce* case was called, but that defendants' counsel or his associate announced that they were ready for the trial of the *Pierce* case. In this it seems that defendants' counsel was in error, for the rules required his attendance before Judge Kennedy immediately upon the disposition of the *Mort* case.

The motion herein was addressed to the sound discretion of the trial court. It involved a consideration of the rules of practice, and, unless there was an abuse of discretion, the ruling upon the motion should not be disturbed by this court. It does not appear that ordinary prudence was used by defendants' counsel to extricate himself from

his dilemma, which, it appears from the court's findings, was of his own making. It being a matter of discretion, no abuse of which is shown, either in the trial or in the overruling of the motion for a new trial, it would be contrary to the rules of practice to disturb the judgment complained of. See *Zimmerer v. Fremont Nat. Bank*, 59 Neb. 665.

We therefore recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.