C., R. I. & P. Ry. Co. v. Maynard.   Same v. Haggard.   Same v. Goldsmith.

paid, was for a risk to run one year, and that the same was so understood between the parties, for the reason that there is nothing in the record to so inform us, and we have already exhausted our judicial notice.   For the reason that the "binder" "construed as if it contained the terms and conditions of a bond issued in pursuance of the depository statute," as urged, leaves open the duration of the risk, we are of opinion that the minds of the parties hereto failed to meet thereon, and for that reason the alleged contract evidenced thereby was not valid and enforceable, and hence the judgment complained of is contrary to law.   We have examined all the cases available upon the subject, and call to mind no case in which a recovery was had where the "binder" failed to limit the duration of the risk.

It is unnecessary to discuss the remaining assignments of error.

The cause is reversed.

All the Justices concur.

---

# CHICAGO, R. I. & P. RY. CO. v. MAYNARD.   SAME v. HAGGARD.   SAME v. GOLDSMITH.

Nos. 987, 988 and 989.   Opinion Filed July 11, 1911.

Rehearing Denied March 26, 1912.

(122 Pac. 149.)

1.   **APPEAL AND ERROR—Review—Discretion of Trial Court— Grant of New Trial.**   A motion for a new trial, assigning, in effect, accident and surprise which ordinary prudence could not have guarded against, is addressed to the sound judicial discretion of the court; and where the court, upon conflicting affidavits filed pro and con, denied the motion, this court will not, under the showing made, disturb the ruling, where there is no abuse of that discretion.

2.   **WATERS AND WATER COURSES—Flowage—Actions for Injuries—Pleading.**   A petition which substantially states that plaintiff is in possession, under lease from the owner, of a certain tract of land, that defendant's line of railway runs through it upon a grade or embankment higher than the adjoining lands lying west-

ward, that defendant has failed and refused to establish and maintain proper openings for the outlet of surface water falling on and flowing over and across said lands, and, on account of said embankment, caused to be filled up a natural water course across said land, which caused the surface water to stand and back up on his crops growing on said lands, to his damage, states a cause of action occasioned by the obstruction of a water course, and not for damage by surface water only.

(Syllabus by the Court.)

Error from Jefferson County Court;
G. M. Bond, Judge;

Actions by J. C. Maynard, W. T. Haggard, and T. D. Goldsmith against the Chicago, Rock Island & Pacific Railway Company.  Judgment for plaintiffs, and defendant brings error.  Affirmed.

C. O. Blake, H. B. Low, Dale & Bierer, and Gilbert & Bond, for plaintiff in error.

C. A. McBrian, for defendants in error.

TURNER, C. J.   On October 30, 1908, J. C. Maynard, defendant in error, sued the Chicago, Rock Island & Pacific Railway Company, plaintiff in error, in the county court of Jefferson county.  After alleging the corporate existence of defendant, and that it was engaged in the operation of a line of railway in, through, and across said county, plaintiff alleged himself to be in possession, under lease from the owner, of a certain tract of land (describing it) three miles north of the town of Ryan, in said county, and that defendant's line of railway ran through said land; that through said lands defendant has thrown up its roadbed on a grade from three to six feet higher than said lands lying on the west side of said line of road, and has "failed and refused to establish and maintain proper openings for the outlet of surface water falling on and flowing over and across said lands," but "caused to be filled up the natural water course across said lands, which causes the surface water to stand back upon said lands, to the great and irreparable damage of this plaintiff; that during the month of May, 1908, plaintiff alleges

that on account of the heavy rains much water fell on and near said lands, and that the same stood at a depth of from one to six feet over the growing crops on said lands, the same being held on said crops for a period of several days, on account of the embankment of defendant's roadbed, without openings for drainage purposes"; that prior to said rains plaintiff had planted and had growing certain crops (describing them) on said land thus caused to overflow, and "was damaged in the aggregate, on account of said embankment holding the said surface water over his crops, as aforesaid, for a period of several days, in the sum of three hundred twenty-five and no-100 dollars," for which he prayed judgment. After demurrer thereto filed and overruled, defendant answered, admitting its corporate existence, and that its railway ran across the land described in plaintiff's petition, but as to all else in the petition pleaded a general denial, and for affirmative matter that plaintiff's cause of action, if any he had, was barred by the statute of limitations. Thereafter, on the same day, the court ordered that:

"This cause is hereby continued and set for trial on the 8th day of March, 1909, by consent of counsel for plaintiff and defendant. Dated this 25th day of January, 1909."

On March 5, 1909, plaintiff demurred to defendant's answer; but the same was never passed on. On March 8, 1909, a reply was filed, in effect a general denial, whereupon the cause, in regular order, coming on for trial, and plaintiff appearing and defendant appearing not, there was trial to the court and judgment for plaintiff for $325 and costs. Thereafter, on the same day, came defendant and moved the court to set aside said judgment and grant it a new trial for the following reasons:

"(1) That said verdict is contrary to law, and is not sustained by sufficient evidence. (2) That said verdict is contrary to the evidence, and is not sustained by the law. (3) Because the verdict is excessive. (4) For errors of law occurring in the record during the trial of said cause. (5) For the reason that defendant's counsel, H. B. Low, had a positive agreement with the plaintiff's counsel to continue said cause until an investigation could be made by the defendant company's civil engineer, and an estimate made thereon. (6) Because the de-

fendant's local attorney, H. G. Goodloe, had a positive agreement with the plaintiff's counsel, C. A. McBrian, to pass said case until the arrival of the south-bound Rock Island train on the day of the trial until one of the defendant's counsel, W. I. Gilbert, could be present and assist in the trial of said cause; that the said W. I. Gilbert was duly notified, and in pursuance of said agreement appeared in Ryan prepared to take charge of the defense in said cause, but said judgment had already been rendered. (7) That the defendant company has a good and legal defense to said cause of action, in this, to wit: That they will be able to establish that the injury complained of, to wit, the obstruction of a water course, is not such as they would be liable for under the laws in force in the state of Oklahoma."

This motion was supported by affidavits, which were met by controverting affidavits, after consideration of all of which the court overruled said motion, and defendant brings the case here.

For the reason that the fourth and fifth assignments of error relied upon by plaintiff in error are predicated upon the presumption that no reply was filed, which is not true, and for the reason that the sixth, seventh, and eighth assignments are that the evidence is insufficient to support the judgment, and all the evidence taken at the trial is not attempted to be brought before us. we pass to the contention that the court erred in overruling defendant's motion to set aside the judgment and grant a new trial. To make out the case of accident or surprise which ordinary prudence could not have guarded against, indicated by the fifth, sixth, and seventh paragraphs of said motion, defendant filed numerous affidavits tending to prove the truth of the matters therein set forth. On the other hand, plaintiff filed his controverting affidavit, supported by that of his attorney, denying and explaining the matters set forth in said affidavits. It is sufficient to say of these affidavits filed pro and con that the same are conflicting, and, presenting to the trial court, as they do, a question of fact, which was determined against defendant and in favor of the contention of plaintiff, in effect, that plaintiff's attorney had given the attorneys for defendant no reasonable ground to believe that the cause would not be tried when called, pursuant to the setting indicated by the order, *supra,* entered

upon the judge's docket, and that the surprise of which they complain was not occasioned by the violation of any alleged agreement, we will not disturb it. This for the reason that the application was one which addressed itself largely to the sound judicial discretion of the trial court, and, under the circumstances, we cannot say he abused that discretion, or that there was such surprise as demanded a reversal of the ruling complained of. *Poff v. Lockridge,* 22 Okla. 462, 98 Pac. 427; 14 Enc. Pl. & Pr. p. 742; *Green v. Bulkley,* 23 Kan. 130; *Knauber v. Watson,* 50 Kan. 702, 32 Pac. 349.

It is next contended that the court erred in overruling the demurrer to plaintiff's petition, for the reason that the same fails to state facts sufficient to constitute a cause of action. In support of this contention, it is urged that the cause of action charged in the petition was one purely for damage by surface water. This is a change of view on defendant's part as to the character of the injury complained of. We say this, for the reason that in the seventh paragraph of its motion for a new trial, *supra,* defendant characterizes the injury charged as one alleged to have been occasioned "by the obstruction of a water course." We think defendant was right then and wrong now. The trial court took the view defendant entertained of it then, and did not err. While the petition charges that defendant "has failed and refused to establish and maintain proper openings for the outlet of surface water falling on and flowing over and across said land," it is clear that the positive act complained of is "that defendant has caused to be filled up the natural water course across said lands, which causes the surface water to stand and back up on said lands," to his damage, etc.

The scene depicted in the petition is clear, and this: A line of railroad running north and south, upon a high and solid roadbed or embankment, through plaintiff's land. Westward lay plaintiff's fields, the surface water from which, unobstructed, flow into a natural water course and pass off; obstructed by said roadbed, they accumulate and fill the channel, and, instead of flowing off, stand and back up on plaintiff's land and ruin his

crops. When plaintiff so stated, in effect, which he did "in ordinary and concise language," and "on account of said embankment holding said surface water over his crops he was damaged," he stated, in effect, that the injury complained of was one resulting from the wrongful act of defendant in obstructing a natural water course across his land, and in failing and refusing to establish and maintain proper openings for its outlet. As defendant concedes liability for such an act, if proven, citation of authority is unnecessary to show that the petition in so alleging stated facts sufficient to constitute a cause of action.

Finding no error, the judgment of the trial court is affirmed, as is also the judgment in No. 988, *Chicago, Rock Island & Pacific Railway Co. v. W. T. Haggard,* and No. 989, *Chicago, Rock Island & Pacific Railway Co. v. T. D. Goldsmith,* stipulated to abide the event of this cause.

All the Justices concur.