## JOINER v. JAMES et al.

No. 7855—Opinion Filed Nov. 15, 1916.

(160 Pac. 87.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Collin James against C. M. Joiner and others. From the judgment, defendant Joiner brings error. Affirmed.

Wm. Pfeiffer, for plaintiff in error.

McPherren & Cochran, L. K. Pounds, and Chas. P. Abbott, for defendants in error.

Opinion by HOOKER, C. This action was filed in the district court of Carter county on October 7, 1913, by Collin James against C. M. Joiner and a large number of other parties, to recover the possession of certain real estate and to cancel and annul certain instruments on record as clouds upon his title, and for damages for the retention of real estate. On May 7, 1915, a judgment was entered in this cause, and from an examination

thereof it appears that leave was given on that day for the plaintiff in error, C. M. Joiner. to withdraw his answer filed in said action, which was done, and thereupon judgment was rendered in favor of Collin James. In due time C. M. Joiner filed a motion for a new trial and to vacate and set aside the judgment rendered, alleging as grounds therefor the following reasons:

(1) Because he was advised by his attorney that it would not be necessary for him to be present in court on the day the cause was set for trial, as in his opinion the case would be dismissed, inasmuch as certified copies in certain proceedings in the United States Court for the Eastern District of Oklahoma involving the same matters had been procured and presented to the trial court.

(2) That when his attorneys were compelled to go to trial they attempted to procure the presence of their client, plaintiff in error, but on account of a storm having damaged the telephone they were unable to communicate with him, so as to have him present at the trial of said cause.

(3) Because on the morning of the trial his attorneys were informed and believed that a compromise had been effected with reference to said land involved here, whereby the interest of their client was protected, and that thereupon they withdrew the answer and permitted judgment to go against him.

(4) That he has a subsequent valid interest in and to the property involved in this action.

(5) That it was through no fault of his attorneys that his rights were not presented to the court, and he filed in support thereof the affidavit of W. B. Johnson, his attorney, stating that on the day the case was set for trial he informed the court that plaintiff in error was not present, and that Johnson, as his attorney, had expected the cause to be dismissed, and explained to the court that, inasmuch as certain records that had been requested by the trial judge had been procured, he thought the cause would be dismissed, and that thereupon the court granted a continuance of said cause until the following **morning, and in the meantime** an effort had been made to reach Mr. Joiner, the plaintiff in error, but was unable to reach him on account of the condition of the telephone, and when on the following morning said cause was called for trial he was led to believe, by conversation of parties interested in said suit, that a compromise had been agreed upon which would protect the interest of his client, and thereupon he withdrew the answer of his client and consented that judgment might be rendered.

In opposition thereto one C. B. Cochran was called as a witness for the plaintiff, and he testified that he was attorney for some of the defendants the cause, and

was present at the time judgment was rendered in the case; that on the morning of the 7th of May, 1915, when he (Cochran) came into the courtroom, the said W. B. Johnson, as attorney for C. M. Joiner, stated that, if the rents upon the land involved would be waived, he (Johnson) would permit a judgment to be rendered in said cause against his client, and thereupon he (Cochran) informed Mr. Johnson that he would take the matter up with the attorney for the plaintiff, Mr. Abbott, which he did, and Mr. Abbott accepted the offer thus made by Mr. Johnson, whereupon he informed Mr. Johnson that the rents would be waived, and when court convened the cause was called for trial, and Mr. Johnson in open court announced that it was agreed that plaintiff and his cross-petitioners would waive the question of rents against C. M. Joiner, and that said C. M. Joiner would not contest the case further; that the above is the only understanding had by him with Mr. Johnson, and that the attorney for the plaintiff, Mr Abbott, did not discuss the matter with Mr. Johnson at all. And thereupon C. P. Abbott was introduced as a witness for the plaintiff in opposition to said motion, and denied having any conversation whatever with Mr. Johnson or any one else with reference to this matter, save and except with Mr. Cochran as stated above by him. The court, after hearing this evidence, declined to grant to plaintiff in error a new trial, and plaintiff in error has appealed here.

The vacation of judgments and the granting of new trials are discretionary largely with the trial court, and unless it appears that their discretion has been abused the appellate courts are loath to interfere. From an examination here it appears that the grounds relied upon by the plaintiff in error are sharply controverted, and the trial court, after hearing the evidence, tried the questions of fact adversely to plaintiff in error. And inasmuch as the application was one which addressed itself largely to the discretion of the trial court, under the circumstances we cannot say he abused that discretion, so we cannot interfere with the judgment of the court below. See C., R. I. & P. R. Co. v. Maynard, 31 Okla. 685, 122 Pac 149; Poff v. Lockridge, 22 Okla. 462. 98 Pac. 427; M., K. & T. R. Co. v. Ellis. 53 Okla. 264. 156 Pac. 226.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.