## FOX v. CHICAGO GREAT WESTERN R. CO.

(District Court, N. D. Iowa, C. D. September 17, 1913.)

### No. 24.

1. NEW TRIAL (§ 76*)—GROUNDS—EXCESSIVE VERDICT.

Since the amount of the verdict in a personal injury action will not be reviewed by the Circuit Court of Appeals, the trial court should carefully consider a motion by defendant for a new trial on the ground that the verdict allowed was excessive, to the end that no injustice should be permitted because of an award not warranted by the evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 153–156; Dec. Dig. § 76.*]

2. DAMAGES (§ 132*)—EXCESSIVENESS—PERSONAL INJURIES.

Plaintiff, a mail clerk, in perfect health, of good habits, and a strong, vigorous young man earning $1,100 a year, and between 25 and 26 years old, was injured in a wreck on March 15, 1912, on defendant's railroad. Plaintiff was pinned under the wreckage for some hours, and was only released by cutting into the car. He received a severe and compound fracture of both lower bones of one leg near the ankle joint, and other bruises and injuries of a lesser nature. He was taken to a hospital, where the bones were set; but they did not unite well, became infected, and after three months he was taken to another hospital, where the bones were reset, and they, with the wound, treated for several weeks, during all of which time he suffered much pain, mental and physical. It was several weeks before he could get around at all, or that he was able to move with the aid of crutches, and at the time of trial in June, 1913, he used a cane for that purpose. While in the hospital chronic nephritis

developed as a direct result of the injury, which will prevent his engaging in any arduous work, mental or physical. The ankle is permanently stiffened, and he will continue to suffer mental and physical pain and require medical attention in the future. Under civil service rules he received full salary up to March 15, 1913, after which he will receive half salary until March 15, 1914, when his pay will cease. *Held*, that a verdict allowing plaintiff $17,500 was not so excessive as to indicate passion or prejudice on the part of the jury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

At Law. Action by Roy A. Fox against the Chicago Great Western Railroad Company. On motion for new trial. Denied.

Kenyon, Kelleher & O'Connor, of Ft. Dodge, Iowa, for plaintiff.

Carr, Carr & Evans, of Des Moines, Iowa, and Price & Joyce, of Ft. Dodge, Iowa, for defendant.

REED, District Judge. The plaintiff, while in the performance of his duties as a railway postal clerk in a United States mail car drawn by the defendant upon its railroad, was on March 15, 1912, near Eagle Grove, Iowa, injured by the derailment of the car in which he was employed, and sued the railroad company to recover of it damages for the injury he so sustained, alleging negligence of the defendant, which caused the derailment and wreck of the car. The trial resulted in a verdict and judgment for the plaintiff in the sum of $17,500.

[1] The defendant moves to set aside the verdict and grant a new trial upon the grounds alone that the verdict is excessive and appears to be the result of passion and prejudice. No other complaint is made of the trial which resulted in the verdict and judgment. It is not probable that the appellate court will review, at the instance of the defendant, the action of the court if it denies its motion based upon such grounds. Newcomb v. Wood, 97 U. S. 581–584, 24 L. Ed. 1085; Chicago & Northwestern Railway Co. v. O'Brien, 153 Fed. 511–514, 82 C. C. A. 461. The trial court should, therefore, carefully consider the motion of the defendant, to the end that no injustice shall be done to it because of an award of the jury not warranted by the evidence.

[2] Is the verdict unwarranted by the evidence, or is it the result of some improper motive of the jury in fixing the amount thereof? At the time of the injury the plaintiff was 25 or 26 years old, in perfect health, of good habits, and a strong, vigorous young man, earning a salary in the government service of $1,100 a year, with an allowance for expenses while away from home, and was in the line of promotion at an advanced salary. In the wreck the car was turned over once or twice, completely demolished, the plaintiff caught in the wreckage, and pinned therein for some hours, and was only released by cutting into the car so that he might escape therefrom. He received a severe and painful fracture of both lower bones of one leg near the ankle joint, the broken parts extending or protruding through the flesh, and other bruises and injuries to his person of a lesser nature. The weather was extremely cold, and he was exposed to it without sufficient clothing or cover to protect him against its severity until he was taken

to a hospital at Eagle Grove several hours after the wreck. The bones of the leg were there set, but they did not unite well, the wound did not heal and became infected, and after some three months or so he was taken to a Chicago hospital, where the bones were reset, and they, with the wound, treated for several weeks or perhaps months. During all of this time, he suffered much pain, both mental and physical, and some of the time severely. It was several weeks before he was able to be around at all, later he was able to move around with the aid of crutches, and at the time of the trial (in June, 1913) he used a cane for this purpose. While in the hospital at Eagle Grove an affection of the kidneys developed, which continued during the time he was in Chicago and down to the time of the trial.

The medical evidence regarding his condition is such as to warrant the jury in finding that the kidney trouble was the direct result of his injury in the car and the exposure immediately following it, which finally developed into chronic nephritis, from which he will never recover, and which will prevent his engaging in any arduous work, mental or physical, in the future; that the injury to the leg may improve some, but the ankle is permanently stiffened, and he will suffer mental and physical pain in the future as the direct result of his injuries, and will require medical attention and assistance during the remainder of his life. He has not been able to do any work since his injury, but the government, under the civil service rules, has paid him the full amount of the salary he was then earning for one year thereafter, or until March 15, 1913, and one-half of such salary since then until the time of the trial, and will continue to do so until March 15, 1914, when such pay will cease, unless he is restored to the service, which under the rules he may be within a certain time, if there is a vacancy to which he may be reappointed and he is able to perform the duties that would be required of him. If he had remained in the service he would have been entitled to $1,200 a year after November 1, 1912, $1,300 a year after July 1, 1913, and $1,400 a year after July 1, 1915, which would be the limit of his pay, unless the grade of the run on which he was employed should be changed, or he should be promoted to some higher position. The defendant admits its liability for the plaintiff's injuries, and has paid the larger part of his hospital and other expenses, and contests only the extent of his injury and the amount he is entitled to recover therefor, and for such expenses as he may have paid.

The foregoing is a brief statement of the evidence upon which the jury fixed the measure of the plaintiff's recovery. The plaintiff's loss of time and impairment of his earning capacity may be fairly approximated from the evidence as to the extent and value thereof. But this is not the limit of his recovery. He is also entitled to recover for his physical injuries, and the pain and suffering that he has endured as a direct result of such injuries to the time of the trial, and for such time in the future that it is reasonably certain from the testimony that such pain and suffering will continue. There is no mathematical rule by which this can be measured; and, while there may be difficulty in measuring it, it rests very largely in the sound discretion and good

judgment of the jury, based upon the evidence as to the character and extent of his injuries. The verdict under review is large, and, though it may be larger than the court, if sitting as a juror, would allow, this alone is not sufficient to warrant interference therewith; for to do so would be to arbitrarily substitute the judgment of the court upon the amount of the damages for that of the jury, which it cannot rightly do.

The true rule for determining the question presented by the motion is that unless the verdict is so large as to indicate gross error or reckless disregard of the evidence upon the part of the jury in fixing the amount thereof, or that the jury was actuated by some improper motive in arriving at the verdict, it should not be disturbed. Arkansas Cattle Co. v. Mann, 130 U. S. 69–75, 9 Sup. Ct. 458, 32 L. Ed. 854, and cases cited; Retan v. Lake Shore & Michigan Southern Ry. Co., 94 Mich. 146, 53 N. W. 1094–1097. In this case the verdict is not so large as to indicate a reckless disregard of the evidence as to the character and extent of the plaintiff's injuries, or his condition directly resulting therefrom, and should not, therefore, be disturbed upon that ground. Nor is there anything to indicate that the jury was actuated by prejudice against the defendant, or by any other improper motive, in fixing the amount thereof.

In this class of cases a defendant sometimes assails the moral character of the plaintiff as affecting the amount of his recovery, without adducing any substantial evidence to sustain such claim. In such cases it may satisfactorily appear to the court that the jury has enlarged the amount of the recovery as a punishment of the defendant for so assailing the plaintiff's character, and when it so appears the court should set aside the verdict, or require the plaintiff to remit a part thereof or submit to a new trial. There is an entire absence of anything of this sort in this case, for, as before stated, the defendant admits its liability for the plaintiff's injuries, and offered only such testimony as might lessen the nature and extent of the plaintiff's injuries and the amount he was entitled to recover therefor. The defendant's testimony was such that the jury might well find that it did not materially contradict that of the plaintiff as to the character and extent of his injuries. The jury was composed of men of the highest character, drawn from different walks of life, and there is no reason for believing that it was actuated by any other motive in assessing the plaintiff's damages than to award him such sum as would, in its judgment, fully, but justly, compensate him for the injuries he sustained, and the pain and suffering he has endured and will endure in the future as the result thereof.

It would serve no useful purpose to review the many cases in which verdicts much larger than this for injuries no more severe than plaintiff has suffered have been sustained as not excessive or prompted by any improper motive on the part of the jury, or to others where a lesser amount has been for some reason reduced, for the conclusion is that no sufficient reason is shown for disturbing this verdict.

The motion for new trial must therefore be denied, and it is accordingly so ordered, to which ruling the defendant excepts.