The decree is modified by striking therefrom the award of damages, and as so modified is:

Affirmed.

---

## ST. LOUIS, I. M. & S. RY. CO. v. REED.

(Circuit Court of Appeals, Eighth Circuit. August 29, 1914.)

No. 4080.

1. **RAILROADS (§ 480*)—ACTION FOR INJURIES BY FIRE—ISSUES AND PROOF.**

In an action against a railroad company to recover for damage caused to plaintiff's property, principally an orchard, by a fire alleged to have been caused by one of defendant's engines, an allegation in the answer that the fire would not have reached the orchard, but for the interference of plaintiff's agent, which caused it to spread, constituted an affirmative defense, the burden of proving which rested on defendant.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1709–1716, 1733; Dec. Dig. § 480.*]

2. **APPEAL AND ERROR (§ 970*)—EVIDENCE (§ 546*)—EXPERT WITNESSES—DETERMINATION OF QUESTION OF COMPETENCY—REVIEW.**

Whether or not a witness is shown to be qualified to express an opinion upon questions of value is a preliminary question for the trial court, and its ruling thereon will not be disturbed, unless plainly erroneous as matter of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3849–3851; Dec. Dig. § 970;* Evidence, Cent. Dig. § 2363; Dec. Dig. § 546.*]

3. **APPEAL AND ERROR (§ 1004*)—REVIEW—AMOUNT OF VERDICT.**

An appellate court will rarely, if ever, enter upon a consideration of conflicting evidence of value, to determine whether a verdict for damage to property is excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Action at law by Mollie E. Reed against the St. Louis, Iron Mountain & Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thomas B. Pryor and Vincent M. Miles, both of Ft. Smith, Ark., for plaintiff in error.

Robert E. Jackson, of Muskogee, Okl., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and REED, District Judge.

REED, District Judge. The plaintiff, defendant in error, recovered judgment in the District Court against the railway company, plaintiff in error, for $1,133 and costs, as damages to her pasture, the destruction of certain of the fences, and the burning of an orchard upon some 17 acres of her land, alleged to have been caused by fire originating

from a locomotive engine used by the railway company in operating its railroad in Oklahoma near to plaintiff's premises, and it prosecutes this writ of error to reverse such judgment.

The errors assigned and relied upon in behalf of the plaintiff in error are that the court erred: (1) In that part of its charge to the jury which placed the burden upon the railway company of proving that plaintiff or her agent set out the fire which burned the orchard. (2) In excluding the evidence of one of defendant's witnesses as to the value of the orchard destroyed. (3) That the verdict and judgment are excessive.

[1] The plaintiff alleged as her cause of action against the railway company that in operating one of its passenger trains near to her premises it negligently failed to provide and employ suitable means to prevent the escape of fire from the engine, which engine set fire to dry grass and other combustible materials on her land near the right of way of the railway company; that by reason of a continuous body of such grass and material, said fire spread over her premises, and without fault upon her part destroyed ten acres of pasture of the value of $5, five tons of hay of the value of $15, 130 fence posts of the value of $13, and 101 live pear trees and 629 live apple trees of the alleged value of $4,279.

In the answer as amended the defendant denied all negligence upon its part, denied that plaintiff suffered any damages from any fire caused by its locomotive, and denied the value of the property as alleged by plaintiff. It answered further:

"That if any of plaintiff's property was damaged or destroyed as alleged by her, such damage was the result of her own negligence by reason of her failure to exercise ordinary care to protect her property from injury or destruction, which failure directly contributed to such loss."

The court instructed the jury that the burden of proof was upon the plaintiff to prove the allegations of her petition by a preponderance of the evidence, and said further:

"There are two main questions for you to determine in this case; possibly three. First, do you find by a preponderance of the evidence that the railroad company set out this fire in the operation of one of its trains, as charged? If you find that it did, then do you find that that fire was the proximate cause of whatever injury, if any, was done to the plaintiff's property or any part of it, and that you will determine from the evidence in the case."

It further charged:

"Now, in a case of this kind, a plaintiff who sees a fire started, and who, by a slight effort or reasonable effort, or the use of reasonable means within his power, can prevent the injury of his property, or any part of it, and stands by and does not do anything to prevent it, or if, on the other hand, he takes an active part in continuing the fire or spreading it, then, of course, he cannot ask a jury for damages in a case of that kind. It is charged by the railroad company here in this case, and it is the theory of the defense, that if this fire was set by the railroad train as charged, that it would not have reached this orchard but for the intervention of plaintiff's agent, either in failing to do what was in his power in stopping it from reaching the orchard, and which he might reasonably have done, or, in addition to that, in actually setting out fire himself, in such a way as to carry the fire on to his orchard. Now the defense must establish by a preponderance of the evidence, if you find that the conditions were such that the fire might, but for this intervention on his

part, possibly have reached the orchard; of course, if you find that but for the intervention of plaintiff's agent the fire would not have reached the orchard at all, then as far as the orchard is concerned there should be no recovery in this case."

Counsel for the plaintiff in error excepted to the charge as follows:

"I want to save exceptions to the portion of the instructions placing the burden of proof upon the defendant to prove by a preponderance of the testimony that plaintiff's agent set out the fire; that the burden is on the plaintiff to establish that the fire originated straight from the train."

It is upon that portion of the charge to which the exception was taken that the railway company predicates the assignment of error under consideration. The charge, of course, must be considered as a whole; and, so considering it, the jury is plainly first told that the burden of proof is upon the plaintiff to prove by a preponderance of evidence (1) that the fire was set out by the defendant's engine, and (2) that such fire was the direct and proximate cause of the injury to the plaintiff's orchard (the damage to that being the greater part of plaintiff's claim); thus covering the claim of the defendant that plaintiff's husband, acting as her agent in the matter, interfered with the fire and caused it to spread to and damage the orchard, that the burden was upon the defendant to establish this by a preponderance of the testimony. This issue was presented by the defendant as an affirmative defense to plaintiff's alleged cause of action, in the event that the jury should find that the fire originated from the engine; and we think that the jury was correctly told that the burden of establishing such defense was upon the railway company. There was no error, therefore, in the charge considered as a whole.

[2] The defendant next complains of the action of the court in sustaining an objection to a question to its witness D. F. Garvin asking an opinion as to the damage to the orchard. This witness lived some 12 miles from the plaintiff's premises and owned an orchard of some 9 acres which he said was "just a small orchard for family use." After testifying in substance to an experience of some 20 years in the orchard business, but that he had never been in the plaintiff's orchard, never saw it only as he passed it on the train, and did not know the value of the land in that vicinity, but that it was about the same in quality as "that over at Henson," but was not acquainted with the value of land there, he was asked this question:

"Q. Well, if the market value of land at McKee (a station near plaintiff's land) was $25 or $30 an acre, either figure has been testified to in this case, what would you say would be the difference in the market value of land of 17 acres of land at $25 or $30, located at McKee, with 629 apple trees on it, from 11 to 14 years old, before a fire passed through this orchard destroying it, and after a fire passed through the orchard destroying it.

"Objected to by counsel for plaintiff.

"By the Court: I don't think the witness has shown himself qualified as to the value. Objection sustained. Defendant excepts."

This ruling is assigned as error. Whether or not a witness is shown to be qualified to express an opinion upon questions of value is a preliminary question for the trial court, and its ruling upon that question will not be disturbed unless plainly erroneous as matter of law. Still-

well Manufacturing Co. v. Phelps, 130 U. S. 520–527, 9 Sup. Ct. 601, 32 L. Ed. 1035; St. Louis & S. F. Ry. Co. v. Bradley, 54 Fed. 630, 4 C. C. A. 528. The witness Garvin was never in the plaintiff's orchard, and had only seen it from the train in passing, and said that he did not know land values in that vicinity. Clearly he was not shown qualified to answer the question, and there was no error in sustaining the objection thereto.

[3] It is finally urged that the verdict is excessive. To determine this would require a consideration of conflicting evidence of values which an appellate court will rarely, if at all, undertake. Chicago & Northwestern Ry. Co. v. O'Brien, 153 Fed. 511, 514, 82 C. C. A. 461; and see cases cited in Fox v. C. G. W. R. Co. (D. C.) 207 Fed. 886, 889, and Gila Valley Ry. Co. v. Hall, 232 U. S. 94, 105, 34 Sup. Ct. 229, 58 L. Ed. 521.

There is an entire absence of anything in this case that would warrant us in disturbing this verdict upon this ground, even if we were authorized to do so.

The judgment is affirmed.