**NEW et al., Receivers, v. SAUNDERS.**

No. 11725—Opinion Filed Feb. 28, 1922.

Rehearing Denied May 2, 1922.

(Syllabus.)

1. **Master and Servant—Injuries to Brakeman—Federal Safety Appliance Act.**

Where a defective running-board on a car contributed to cause a brakeman to fall from the car, receiving personal injuries, the master is liable under the Supplementary Safety Appliance Act of April 14, 1910, c, 160, 36 Stat. 298.

2. **Same—Safety Appliances—Negligence.**

Interstate railway companies are charged with an absolute and unqualified duty, irrespective of any question of negligence, to maintain in proper condition the safety appliances which under the acts of March 2, 1893 (27 Stat. at L. 531, chap. 196, Comp. Stat. 1913, sec. 8605), March 2, 1903 (32 Stat. at L. 943, chap. 976, Comp. Stat. 1913, sec. 8613), and April 14, 1910 (36 Stat. at L. 298, chap. 160, Comp. Stat. 1913, sec. 8617), must be installed on railway cars used on a highway of interstate commerce. Texas & Pacific Railway Company v. A. R. Rigsby, 241 U. S. 33, 60 L. Ed. 874.

3. **Damages—Personal Injuries — Excessive Recovery.**

Where the evidence discloses that the plaintiff was a man 33 years of age, strong and healthy, earning $100 per month; that his life expectancy was 33.21 years; that the injuries received were of a very serious nature, consisting of injuries to the abdomen, abdominal cavity, and other internal injuries, the loss of three fingers from the left hand, had suffered much pain since re-

ceiving the injuries, rendering the plaintiff unable to perform any physical labor; no evidence appearing in the record to indicate prejudice or passion on the part of the jury except the size of the verdict—held, a verdict for $20,000, which has been approved by the trial court, will not be disturbed on appeal.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by C. B. Saunders against Alexander New and H. C. Ferris, receivers for Missouri, Oklahoma & Gulf Railway Company, to recover damages for personal injuries received. Judgment for plaintiff in the sum of $20,000, and defendants bring error. Affirmed.

Jones & Foster, for plaintiffs in error.

W. N. Maben, for defendant in error.

KENNAMER, J. This action was commenced by C. B. Saunders, as plaintiff, against Alexander New and H. C. Ferris, receivers of the Missouri, Oklahoma & Gulf Railway Company, defendants, on the 9th day of August, 1920, in the district court of Pontotoc county, Okla., to recover damages for personal injuries received on the 18th day of March, 1917.

The material allegations of the plaintiff's petition are in substance as follows: That on March 18, 1917, the defendants, as receivers of the railway company, were operating a line of railroad between Allen, Okla., and Denison, Tex. On said date the plaintiff was employed by the defendants as rear brakeman on a train being operated between said points. That when the train was leaving the city of Durant, Okla., bound for Denison, Tex., and moving at the rate of about five miles per hour, plaintiff discovered that some of the air brakes were hanging, or set on a car, and that it was his duty to leave the caboose and proceed to the place where the brakes were hanging and release the same. That while the plaintiff was attempting to step from the second to the third car from the caboose his foot landed on the running board on top of the said freight car, and when his foot came in contact with the running board of said car the end of the running board broke off. That the timbers and material in the said running board were rotten and wholly defective, and were known to be defective by the defendants, their agents, servants, and employes, whose duty it was to inspect said car and running board, and by the exercise of due care and caution, or by reasonable inspection, might have known

of the defective condition of said running board, which said inspection said defendants, their agents, and servants negligently and carelessly failed to make. That the plaintiff fell with great force and violence down between said cars to the ground, and was run over and dragged by the moving train. That plaintiff came in contact with the draw-bar and brake-beam, thereby receiving serious injuries to his body, abdomen, stomach, bowels, liver, and kidneys, and that ever since the injuries received he has been helpless and unable to perform any class of physical labor. That the plaintiff's ankles, feet, knees, and hips were wrenched, twisted, and dislocated and permanently injured. That the plaintiff at the time of receiving the injuries was 33 years of age and earning the sum of $100 per month.

Defendants filed an answer, denying generally the allegations of the plaintiff's petition, pleading contributory negligence and assumption of risk. To the answer of the defendants the plaintiff filed a reply, consisting of a general denial.

The cause was tried on the 15th day of January, 1920, which resulted in the verdict of the jury awarding the plaintiff $20,-000 damages.

The defendants filed timely motion for new trial, which was by the court overruled, and from the judgment and order overruling defendants' motion for new trial the defendants have appealed to reverse the judgment of the trial court.

The material facts involved in this action decisive of this cause are undisputed.

The evidence of both the plaintiff and the defendants shows that the plaintiff was employed as rear brakeman, as alleged by the plaintiff in his petition; that he was working on a train operated by the defendant carrier engaged in interstate commerce at the time of the accident. The undisputed testimony shows that the plaintiff fell between the cars and was run over by the train and received serious and permanent injuries, which have incapacitated him for life to perform manual labor.

The evidence is clear and undisputed that the running board on the car in question consisted of three planks about eight inches wide nailed to cleats, and that when the plaintiff stepped upon the running board one of the planks broke about eight inches from the end of the car; that the cleat upon which this plank rested was from eight to ten inches from the end of the car and that the breaking of the plank was the cause of the plaintiff falling between the cars and being run over by the train.

Considering the assignments of error argued by the counsel for the receivers of the railway company as a whole, the substance of the error complained of is predicated upon the proposition that proof of negligence is essential in this cause to recovery under Federal Employers' Liability Act. We cannot concur in the contention of counsel for the plaintiffs in error.

Under the pleadings in this cause and the evidence introduced in the trial, it is clear that the case is governed entirely by the Supplementary Safety Appliance Act of April 14, 1910, c 160, Fed. Stats. Ann. 1912, Supp. vol. 1, section 2, p. 336 (U. S. Comp. St. 1913, sec. 8618) which is as follows:

"That on and after July first, nineteen hundred and eleven, it shall be unlawful for any common carrier subject to the provisions of this act to haul, or permit to be hauled or used on its line any car subject to the provisions of this act not equipped with appliances provided for in this act, to wit: All cars must be equipped with secure sill steps and efficient hand brakes; all cars requiring secure ladders and secure running boards shall be equipped with such ladders and running boards. * * * "

The brief of counsel for plaintiffs in error is devoted entirely to presenting the common-law doctrine that a master is not liable for latent defects not discoverable by reasonable inspection. Counsel contend that, inasmuch as this was a foreign car received by the defendant railway company in the regular course of business, and the defects being latent, not discoverable by reasonable inspection, the defendant railway company is thereby exonerated from liability; that the only duty the defendant railway company owed to the plaintiff was that of reasonable care in inspecting the car for defects. This contention is untenable. In all actions for injuries arising under the federal Safety Appliance Act, where the injury is shown to have been due to any violation of the several sections of the federal Safety Appliance Act, the plaintiff is not required to show negligence. Vol. 1, Roberts, Federal Liabilities of Carriers, sec. 529; Calhoun v. Great Northern Railway Company (Wis.) 156 N. W. 198; Delk v. St. L. & S. F. Railway Company, 220 U. S. 580, 55 L. Ed. 590; St. L., etc., Railway Company v. Taylor, 210 U. S. 281, 52 L. Ed.

1061; Texas & Pacific Railway Company v. Rigsby 241 U. S. 33, 60 L. Ed. 874. The reason for this rule is obvious.

The Safety Appliance Act imposes an imperative duty upon the carrier to comply with the provisions thereof in the equipment of its cars, and if any failure to comply with the mandatory provisions of the act is the proximate cause of the injury, the carrier is absolutely and unconditionally liable, without regard to whether the defect was or was not due to negligence.

The statute abrogates the common-law rule making liability depend upon negligence, and makes the carrier liable for any injury resulting in the use of a car not equipped as provided by the act, where injury is the result of a violation of any provision of the act. Moore v. St. Joseph & G. I. R. Co., 268 Mo. 31, 186 S. W. 1035; Texas & Pacific Railway Company v. Rigsby, 241 U. S. 33, 60 L. Ed. 874.

In the case of Texas & Pacific Railway Company v. Rigsby, supra, the Supreme Court of the United States was reviewing a judgment rendered in favor of Rigsby, who had recovered damages for injuries received at Marshall, Tex., while performing his duties as brakeman for defendant railway company. Rigsby's injury was caused while descending from a car by one of the handholds, or grabirons, that formed the rungs of the ladder giving way, causing Rigsby to fall. There being no conflict in the evidence as to the cause of the injury, the trial court instructed a verdict in favor of the plaintiff, the only question submitted to the jury being the amount of damages. The judgment was affirmed in the Circuit Court of Appeals, 138 C. C. A. 51, 222 Fed. 221. In affirming the judgment of the Circuit Court of Appeals, the Supreme Court of the United States, in the fifth paragraph of the syllabus, announced the law to be:

"Interstate railway companies are charged with an absolute and unqualified duty, irrespective of any question of negligence, to maintain in proper condition the safety appliances which, under the acts of March 2, 1893 (27 Stat. at L. 531, chap. 196, Comp. Stat. 1913, sec. 8605), March 2, 1903 (32 Stat. at L. 943, chap. 976, Comp. Stat. 1913, sec. 8613), and April 14, 1910 (36 Stat. at L. 298, chap. 160, Comp. Stat. 1913, sec. 8617), must be installed on railway cars used on a highway of interstate commerce."

In the opinion, Mr. Justice Pitney, speaking for the court, said:

"There can be no question that a box car having a hand brake operated from the roof requires also a secure ladder to enable the employe to safely ascend and descend, and the provision quoted was intended for the special protection of employes engaged in duties such as that which plaintiff was performing."

This court, in the case of Chicago, R. I. & P. Ry. Co. v. Hessenflow, 69 Oklahoma, 170 Pac. 1161, held:

"Under the federal Employers' Liability Act the law of assumption of risk is that of the common law as it existed prior to the passage of said act, except where the common carrier violates the provisions of any statute enacted for the safety of its employes. * * * "

In the case at bar, the uncontradicted testimony shows that the defendant in error received his injuries by falling between the cars while in the discharge of his duties as a brakeman, and the fall was caused because of a defective running board on the car. The federal statute placed a mandatory duty upon the railway company to only operate and use cars equipped with secure running boards. It is obvious, under this state of facts, that there was no issue for the jury to determine except the amount of damages to which the plaintiff was entitled by reason of his injuries.

Counsel for the plaintiffs in error complain that the verdict of the jury is excessive in the amount of damages awarded. We find no evidence in the record indicating the amount of damages is unreasonable or that the verdict of the jury was actuated by passion, partiality, prejudice, or corruption. The basis of the contention of counsel that the damages awarded are excessive is that the plaintiff was only earning $100 per month. The evidence is that plaintiff was a man only 33 years of age, strong and healthy, earning $100 per month; that the life expectancy of the defendant in error was 33.21 years; that the injuries received were of a very serious nature, resulting in the loss of three fingers from his left hand; that he is a nervous wreck, unable to walk without using a cane. The testimony of Dr. Boyd, who treated him for 22 months, was to the effect that he did not think he would ever be able to perform any physical labor.

It is clear, under these facts, that this court should not disturb the verdict of the jury as to the amount of damages awarded. C., R. I. & P. Ry. Co. v. DeVore, 43 Okla. 534. 143 Pac. 864.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

JOHNSON, McNEILL, ELTING, and NICHOLSON, JJ., concur.