### INDIAN TERRITORY ILLUMINATING OIL CO. v. EARNHEART et al.

No. 28543.  Oct. 3, 1939.

Rehearing Denied Nov. 7, 1939.

M. W. Eddleman and Miley, Hoffman, Williams, France & Johnson, of Oklahoma City, for plaintiff in error.

Twyford & Smith and Charles E. Earnheart, of Oklahoma City, for defendant in error.

HURST, J.  This is an action by plaintiffs, C. E. Earnheart and Della P. Earnheart, against defendant, Indian Territory Illuminating Oil Company, for damages to land due to the pollution of a stream. From

judgment entered on a verdict for plaintiffs, defendant appeals.

1. Defendant's first contention is that plaintiff deliberately testified falsely, on cross-examination, that he had a soil analysis made by the Professor of Chemistry of the University of Oklahoma, when in fact the analysis was made by a student of the University, a son of the professor. The analysis itself was excluded by the trial court, and there is no evidence that plaintiff so testified willfully, or intentionally perjured himself. The trial court apparently did not believe defendant's rights were materially prejudiced thereby, since he overruled the motion for new trial, based on this and other grounds. While it perhaps constituted "misconduct of the prevailing party" (Burton v. Swanson [1930] 142 Okla. 134, 285 P. 839), we are not so convinced of its prejudicial effect as to hold that the court's action was an abuse of discretion (Chicago, R. I. & P. Ry. Co. v. Maynard [1911] 31 Okla. 685, 122 P. 149).

2. What we have said above disposes also of defendant's second contention that plaintiff's attorney, in his argument to the jury, improperly argued that the oil companies had a defensive association and prorated among the members the judgments obtained against one or more of them. This argument was in connection with the testimony of the representative of the association and its credibility. There is no claim that the verdict was excessive or rendered under the influence of passion or prejudice. The verdict was for $750, and the evidence would have supported a verdict in excess of $3,000. It does not appear that such argument, if improper, so materially prejudiced defendant as to justify our holding that the trial court abused his discretion in refusing a new trial on this ground. Easterly v. Gater (1906) 17 Okla. 93, 87 P. 853; American Fidelity & Casualty Co. v. Bennett (1937) 182 Okla. 71, 76 P.2d 245.

3. Defendant also urges error in the refusal of the trial court to permit the jury to view the premises. This was discretionary, and no abuse of discretion is shown. Empire Pipe Line Co. v. Dowdy (1936) 177 Okla. 386, 60 P.2d 757.

Affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DAVISON, JJ., concur.