SMITH et al. v. WELCH et al.

No. 4183.

United States Court of Appeals
Tenth Circuit.

May 22, 1951.

Welcome D. Pierson, Oklahoma City, Okl., for appellants.

Walter Hubbell and Carl Dolman, Walters, Okl., for appellees.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Tommy Welch, an infant, through his father and next friend, brought this action in the District Court of Cotton County, Oklahoma, to recover damages sustained as a result of a collision between a pickup truck in which he was riding and a heavy transport truck owned by the defendant, Strickland Transportation Company, and driven by the defendant, Smith. There was a diversity of citizenship between plaintiff and the defendants and the case was removed to the United States District Court for the Western District of Oklahoma where it was tried to a jury. The jury returned a verdict in favor of the plaintiff in the sum of $35,000. The trial court was of the opinion that the verdict was excessive and ordered a remittitur of $10,000 to which plaintiff agreed and judgment was entered on the verdict for $25,000. This appeal is from that judgment.

On April 30, 1948, the plaintiff, Tommy Welch, an 18 year old boy, was driving a one-ton Studebaker pickup truck in a northerly direction on U. S. Highway 277 and was about eight miles west of Walters, Oklahoma. At that point highway 277 makes a sweeping turn to the east. The curve is approximately one-quarter of a mile in length and is banked to the inside. State highway No. 5 runs east and west and joins highway 277 at the easterly end of the curve. This junction creates what is referred to as a Y. At the westerly end of the curve the two highways are connected by a wing of highway 5 which permits northbound traffic on highway 277 to avoid the curve and continue in a northerly direction until it reaches highway 5. As the plaintiff approached the junction at the west end of the curve he intended to leave highway 277 and continue north to highway 5. This necessitated his crossing the lane of traffic to his left. The plaintiff testified that as he approached the curve he did not notice any traffic approaching from the opposite direction and moved his truck over onto the left side of highway 277 and crossed over onto the connecting portion of highway 5; that after he had completely cleared highway 277 and was a considerable distance beyond the intersection of the two highways, he was struck broadside by the heavy truck driven by Smith. The pickup was carried by the larger truck in a westerly direction and both vehicles went into the borrow pit west of highway 5. The pickup was completely demolished and the plaintiff severely injured. A school bus traveling on highway 277 preceded the plaintiff at an undetermined distance. Plaintiff testified that it was about 100 yards ahead of him and there was some evidence to corroborate this. He also testified that he had cleared the left side of highway 277 and had proceeded onto highway 5 for a distance equal to about 5 lengths of the pickup truck. There was evidence to corroborate this to some extent. The highway patrolman who investigated the accident, a witness for the defendants, testified that the point of impact between the two vehi-

cles occurred on highway 5, but he was unable to say whether the pickup had completely cleared highway 277. The evidence is sufficient to sustain a finding that defendants' truck left highway 277 and proceeded in a westerly direction striking plaintiff's truck after it had cleared highway 277 and was completely on highway 5.

■■■ The principal grounds for reversal grow out of the court's charge to the jury. It is contended that in this charge the court made prejudicial comments on the evidence by emphasizing plaintiff's theory of the case and failing to call attention to the defenses or to defendants' theory. In examining the charge we find the statements concerning the evidence no more than explanatory and very much restrained. The court briefly analyzed the complaint, quoted from the Oklahoma statute regulating speed on the highway and the necessity of vehicles which are about to meet and pass each other to keep to the right of the center of the road. Very brief mention was made of plaintiff's testimony as to where the collision occurred. It was explained that there were only three eye witnesses to the accident: plaintiff, the defendant Smith, and a fellow employee, all interested witnesses, which might be considered in determining the weight and credibility to be given the testimony of each. The remaining reference to the evidence was a reasonably accurate recital of some of the highlights of the testimony of witnesses for both plaintiff and defendant. The jury was then told: "The Court does not want to indicate to you in any way his attitude with respect to this testimony. That is your function." Ordinarily comments of a court upon evidence are to clarify the issues, assist the jury in eliminating immaterial matters and to focus its attention upon the crucial points of the case. It is settled law in federal courts that for these purposes the trial judge has the right to discuss the evidence. Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321; Herron v. Southern Pacific Co., 283 U.S. 91, 95, 51 S.Ct. 383, 75 L.Ed. 857; Simon v. United States, 4 Cir., 123 F.2d 80, 83, certiorari denied 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555;

Scritchfield v. Kennedy, 10 Cir., 103 F.2d 467, 471; Montrose Contracting Co. v. Westchester County, 2 Cir., 94 F.2d 580, 583; Pfaff v. United States, 7 Cir., 85 F.2d 309, 311; Morrissey v. United States, 9 Cir., 67 F.2d 267, 278; Kettenbach v. United States, 9 Cir., 202 F. 377, 385; annotations 84 A.L.R. 1172. The comments here were well within the rule.

■■ It is urged that the court failed to define negligence, contributory negligence, proximate cause, ordinary care, and to properly instruct as to elements of damage. It is also contended that the court failed to properly instruct upon the responsibility of one violating the Oklahoma traffic statutes, and on the doctrine of unavoidable casualty. The court did not in so many words give the legal definition of negligence, contributory negligence, proximate cause or ordinary care, which we think was unnecessary under the facts. Proof in the case confined the issues of fact very narrowly. Plaintiff's theory was that defendants' truck failed to negotiate the curve and left highway 277 and proceeded westerly onto highway 5 and struck the plaintiff there. The defendants' theory was that plaintiff unexpectedly drove his pickup truck from behind a school bus onto the left side of highway 277 and immediately in front of the oncoming truck of the defendants, the collision taking place entirely on highway 277; that the collision caused the larger truck to go out of control, continue in a westerly direction, pushing the smaller truck across highway 5 into the borrow pit on the west side. Upon these conflicting theories the court said: "If you find that this defendant in driving this truck was negligent in that he didn't do what an ordinarily prudent person should have done under the same circumstances, if he left the road, left Highway 277 and struck the small truck over on Highway 5, that would constitute negligence, but if you find from the evidence that the driver of this big truck remained on Highway 277, and he drove on the right hand side, and that he had no opportunity to see the small truck until, as he says, it came out suddenly from behind this school bus, and he did everything he could to prevent the

accident, but could not, then that would not be negligence, because he had exercised prudence, but on the other hand, if you find he could have seen this plaintiff approaching, and notwithstanding he had a right to the right hand side of the highway, if he saw the plaintiff on the right hand side, he had no right to run into him if he could have avoided it by passing him to the left." While this instruction does not in exact legal terms define negligence, contributory negligence, proximate cause or ordinary care, it covers the facts of this case adequately and eliminates the necessity of further instruction or definition. It leaves to the jury the right to fix the responsibility for the collision and favors neither of the parties. It advises the jury plainly that if from the evidence it believes plaintiff's theory of the case is correct, the verdict shall be for the plaintiff; that if from the evidence it believes defendants' theory of the case is correct the verdict shall be for the defendants. While instructions should in proper cases define these subjects, we think the jury in this case was adequately informed as to the law covering the issues. In cases where the plaintiff relies upon specific acts of negligence, the court's charge may be on specific acts and should confine the issues to them. Old Dominion Stages Inc., v. Connor, 67 App.D.C. 158, 90 F.2d 403; Grand-Morgan Theatre Co. v. Kearney, 8 Cir., 40 F.2d 235; Frizzell v. Omaha St. Ry. Co., 8 Cir., 124 F. 176, 180. In this latter case, in referring to an instruction which confined the issues to the proven facts, the court said, "It was brief, clear, and pointed. It presented to the jury the crucial question which they were to decide, and applied the rules of law which governed the case as it existed to the very issue before the jury, so that their duty was not only made clear, but its discharge was made easy. Such a charge is far more helpful to a jury and much more conducive to a just and speedy administration of the law than abstract propositions of law or dissertations on theories which may be sound, but respecting the application of which to the issues of the case the jury are left in doubt." We think that statement applicable to this instruction.

It is urged by the defendants that the court committed fundamental error in failing to properly instruct the jury as to the elements of damage it could consider in reaching a verdict. The court should, in personal injury cases, fully instruct the jury as to the elements of damage to be considered in reaching its verdict. The defendants offered no instruction upon the subject and took no exception to the failure of the court to fully instruct as to damages. Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." While we recognize the power of an appellate court in a proper case to consider on its own motion errors to which no objections were made, it should be exercised sparingly and only in exceptional cases and in the interest of justice. Hormel v. Helvering, 312 U.S. 552, 557, 61 S. Ct. 719, 85 L.Ed. 1037; Dowell, Inc., v. Jowers, 5 Cir., 166 F.2d 214, 221, 2 A.L.R. 2d 442, certiorari denied 334 U.S. 832, 68 S.Ct. 1346, 92 L.Ed. 1759; Finn v. Wood, 2 Cir., 178 F.2d 583, 584; Van House v. Acorn Steel Co., 3 Cir., 144 F.2d 204, 206; Shokuwan Shimabukuro v. Higeyoshi Nagayama, 78 U.S.App.D.C. 271, 140 F.2d 13, 15, certiorari denied 322 U.S. 755, 64 S.Ct. 1270, 88 L.Ed. 1584; Lynch v. Oregon Lumber Co., 9 Cir., 108 F.2d 283, 286; 53 Am.Jur., Trial, Sec. 514, p. 416. The issues here were sharply drawn. There are no complicated facts either as to the cause of the accident or to the extent of the injuries to the plaintiff, and it seems apparent from the record that the jury was in a position to arrive at a fair verdict and would not have been aided by technical and legal instructions as to the elements of damage. Rule 51 was designed to prevent a litigant from taking advantage of an error which could be rectified by the court if called to its attention by proper objection prior to final submission of the case. We hold

that the record in this case does not present such an exceptional case to warrant consideration of an error which was not properly presented to the trial court.

In its instructions the court quoted the Oklahoma statute relating to the speed of automobiles driven upon the highway and the duty of vehicles about to meet and pass each other to keep to the right of the center of the road. Defendants offered instructions to the effect that a violation of these statutes constituted negligence per se and that it was error not to so instruct the jury. Generally, violations of statutes of this kind constitute negligence per se, and the jury should be instructed to that effect. H. W. Bass Drilling Co. v. Ray, 10 Cir., 101 F.2d 316. In this case there was no evidence that the plaintiff was violating the statute regulating speed. The failure to give the offered instruction as to speed was not error. As to the failure of the plaintiff to keep to the right of the center of the road when about to meet and pass another car, the court instructed the jury to the effect that if the plaintiff turned to the left side of the road when he was about to meet the oncoming truck, and thereby caused the collision, he could not recover. Adding to this instruction that the failure to keep to the right of the center of the road was negligence per se would not have been of any benefit to the defendants and would not have been of assistance to the jury in arriving at a proper verdict.

We find no merit in the contention of the defendants that the interrogation of a witness by the court was prejudicial. The questioning was very limited and only made inquiry as to the ability of a witness, from his location, to see the conditions to which he testified. It has often been said that the trial judge in the federal court is "not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct." It has the power to elicit the truth by a reasonable examination of the witnesses. Glasser v. United States, 315 U.S. 60, 82, 62 S.Ct. 457, 86 L.Ed. 680; Atlantic Greyhound Corp. v. Eddins, 4 Cir., 177 F.2d 954, 959; Fritts v. United States, 10 Cir., 80 F.2d 644, 646. In questioning a witness the court should maintain an impartial attitude and should not become an advocate for one side or the other. He does, however, have a duty to assist in getting all the material facts before the jury in a truthful and orderly manner. The rule was not violated here.

In their answer the defendants pleaded that the accident causing plaintiff's injury was unavoidable and offered an instruction on this defense. There was no evidence that the collision was unavoidable within the meaning of the law. The instruction was properly refused.

It is next contended that the court erred in not submitting to the jury the requested special interrogatory which read: "Was the plaintiff, Tommy Welch, negligent as defined in the court's instruction in the operating of his pickup truck and was such negligence one of the contributing causes of the accident? Answer Yes or No."

Rule 49(b), Rules of Civil Procedure, provides that the court may submit to the jury written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The provisions of the rule are not mandatory and the submission of special interrogatories is within the discretion of the court. The general charge of the court was comprehensive and covered the request. There was no abuse of discretion. Car & General Ins. Corp. v. Cheshire, 5 Cir., 159 F.2d 985; S. S. Kresge Co. v. Holland, 6 Cir., 158 F.2d 495; Marcus Loew Booking Agency v. Princess Pat, Limited, 7 Cir., 141 F.2d 152; Cohen v. Travelers Ins. Co., 7 Cir., 134 F.2d 378; Moyer v. Aetna Life Ins. Co., 3 Cir., 126 F.2d 141.

Finally it is urged that the trial court erred in refusing to grant a new trial upon the grounds that the verdict of the jury was excessive and appeared to have been the result of bias and prejudice. Ordinarily this question is primarily for the trial court alone and a determination thereof presents no grounds for reversal on appeal except for manifest abuse of discretion. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77

838

L.Ed. 439; Waters-Pierce Oil Co. v. Deselms, 212 U.S. 159, 181, 29 S.Ct. 270, 53 L.Ed. 453; City of Lincoln v. Power, 151 U.S. 436, 14 S.Ct. 387, 38 L.Ed. 224; American Smelting & Refining Co. v. Sutyak, 10 Cir., 175 F.2d 123, 128; Dubrock v. Interstate Motor Freight System, 3 Cir., 143 F.2d 304, 307, certiorari denied 323 U.S. 765, 65 S.Ct. 119, 89 L.Ed. 613; Atlantic Greyhound Corp. v. Crenshaw, 5 Cir., 99 F.2d 449; Chambers v. Skelly Oil Co., 10 Cir., 87 F.2d 853, 857; St. Louis, I. M. & S. Ry. Co. v. Reed, 8 Cir., 216 F. 741, 744. This appears also to be the rule in Oklahoma. Indian Territory Illuminating Oil Co. v. Earnheart, 185 Okl. 644, 95 P. 2d 583, 584; American Fidelity & Casualty Co. of Richmond, Va. v. Bennett, 182 Okl. 71, 76 P.2d 245, 247; Bucktrot v. Partridge, 130 Okl. 122, 265 P. 768, 770; New v. Saunders, 86 Okl. 97, 206 P. 600. There was no evidence in the record which would lead us to believe that the jury was influenced by bias or prejudice unless it is the size of the verdict. Considering the record as a whole, together with the reduced purchasing power of the dollar, we cannot say that the trial court erred in refusing to grant a new trial upon this ground. The plaintiff was a young man 18 years of age and had just graduated from high school and was contemplating an advanced education in engineering. He was in good health with a life expectancy of 43½ years. His injuries, including bone fractures and head injuries, were extensive and permanent. They left him a cripple. They necessitated the changing of his entire mode of living. There were a series of operations which caused him to be hospitalized and confined to his bed at home over a long period of time. He suffered and is still suffering severe pain. He had not been able to engage in the type of work which he had done prior to the injuries. So far as manual labor is concerned his disability is 90% total permanent. We cannot say that a judgment of $25,000 was so excessive as to justify a ruling by this court that the trial court abused his discretion in denying the motion for new trial.

Judgment is affirmed.