**ALLEN v. NELSON DODD PRODUCE CO. et al.**

No. 4692.

United States Court of Appeals Tenth Circuit.

Oct. 13, 1953.

John W. Porter, Jr., Muskogee, Okl. (Porter & Porter, Muskogee, Okl., on the brief), for appellant.

Andrew Wilcoxen, Muskogee, Okl. (W. R. Banker and A. Camp Bonds, Muskogee, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PER CURIAM.

This is an action to recover for injuries to person and property growing out of a collision between the front end of an automobile driven by Allen and the rear end of a truck owned by Nelson Dodd Produce Company and driven by its employee, Johnson.

The jury returned a verdict in favor of the Produce Company and Johnson, the defendants below. The alleged errors are predicated on the instructions to the jury on negligence and contributory negligence. Counsel for Allen submitted no requested instructions and took no exception to the instructions given, except to say, "Will your honor allow an exception to the contributory negligence instructions given?" to which the court answered "Yes, sir."

Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., in part, reads:

" * * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * * "

It is clear that the exception taken did not meet the requirements of the Rule. The Rule was designed to prevent a litigant from taking advantage of an error which could be rectified by the court, if called to its attention by proper objection prior to final submission of the case.[1]

Ordinarily, the failure to particularize the grounds of objection to an instruction so as to give the trial court an opportunity to correct it, if erroneous, precludes review on appeal.[2]

While the court of appeals, of its own motion and in furtherance of justice, may review fundamental errors not

1. Smith v. Welch, 10 Cir., 189 F.2d 832, 836.

2. Jack v. Craighead Rice Milling Co., 8 Cir., 167 F.2d 96, 103; Mill Owners Mut. Fire Ins. Co. v. Kelly, 8 Cir., 141 F.2d 763, 765; Pennsylvania R. Co. v. Minds, 250 U.S. 368, 375, 39 S.Ct. 531, 63 L.Ed. 1039; Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 87 L.Ed. 645.

saved by proper objection,[3] the record here affords no basis for applying an exception to the general rule.

Affirmed.

---

**3.** Smith v. Welch, 10 Cir., 189 F.2d 832, 836 ; Kirstner v. Atlantic Greyhound Corp., 4 Cir., 190 F.2d 422, 423.