381 F.2d 682
 CONTINENTAL OIL COMPANY, Appellant,
v.
Lee Olin BRACK, Administrator of the Estate of Larry O.
Brack, Deceased, and Hartford Accident and
Indemnity Co., a corporation, Appellees.
 No. 9216.
 United States Court of Appeals Tenth Circuit.
 Aug. 17, 1967.
 
 Dale Ek, Albuquerque, N.M., for appellant. Kenneth L. Harrigan, of Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N.M., submitted a brief for appellant.
 Willard F. Kitts, Albuquerque, N.M. (James L. Brown, Farmington, N.M., with him on the brief), for appellee Lee Olin Brack.
 No appearance for appellee Hartford Accident & Indemnity Co.
 Before WILBUR K. MILLER, Senior Circuit Judge,* and BREITENSTEIN and HILL, Circuit Judges.
 WILBUR K. MILLER, Senior Circuit Judge:
 
 
 1
 In January, 1961, the Lohmann Oil Well Servicing Company was engaged as an independent contractor by Continental Oil Company to recover a perforating gun which had been lost in one of its wells some time before. When Lohmann moved in, the well site was in a 'messy' condition, covered with oil which varied in depth from a fraction of an inch to several inches. On January 7, after the lost tool had been recovered, Larry O. Brack and other Lohmann employees were engaged in final operations during which it was necessary to start a pump motor. Because of the cold weather, Brack took the battery from a light plant and, with jumper cables, applied it to the starter on the engine. Immediately there was a flash of fire and the area burst into flames. Brack was severely injured, and died some 20 days later.
 
 
 2
 This wrongful death action, originally brought in a New Mexico state court by Lee Olin Brack, Administrator of the estate of Larry O. Brack, against Continental Oil Company, was removed to and tried in the United States District Court for the District of New Mexico. The jury found for the Administrator in the sum of $40,000. From the judgment entered pursuant to the verdict and from a subsequent order denying a motion for a new trial, Continental Oil Company appeals.
 
 
 3
 The action was based, of course, on the claim that Continental negligently permitted the well location to be so covered with oil that a fire hazard existed in violation of Continental's duty to provide Brack with a reasonably safe place to work. Continental denied negligence and pleaded contributory negligence and assumption of risk. These matters were properly submitted to the jury and were resolved by that body in favor of the Administrator.
 
 
 4
 The only point upon which reversal is urged is that the trial judge erred in instructing the jury as to certain provisions of the New Mexico Oil Conservation Commission's Rule 114(a). It is argued that this rule, and indeed the Commission itself, is only concerned with conservation; that the rule was not intended to be, and is not, a police regulation for the safety of individuals.
 
 
 5
 The portion of the charge attacked by Continental is as follows:
 
 
 6
 'Under the rules and regulations of the Oil and Gas Commission it was provided that:
 
 
 7
 "All oil wells shall be cleaned into a pit or tank not less than forty feet from the derrick floor and one hundred fifty feet from any fire hazard.'
 
 
 8
 'They also provide:
 
 
 9
 "All waste shall be burned or disposed of in such manner as to avoid creating a fire hazard.''You will determine whether or not Continental Oil Company violated those regulations and if so whether or not such violation was a proximate cause of the accident in question. If the said Continental Oil Company violated such regulations and if such violation proximately caused or contributed to cause the accident then the defendant would be liable for such violation, if any, unless the decedent, Larry O. Brack, was contributorily negligent or unless he assumed the risk as elsewhere mentioned in these instructions.'
 
 
 10
 The appellant says this was prejudicial because, it surmises, the jury's verdict was based on the foregoing instruction. The point was not preserved for appellate review, however, because the appellant did not object to this instruction before the jury retired to consider its verdict; the objection was presented to the trial judge for the first time in argument on appellant's motion for a new trial. Rule 51 of the Federal Rules of Civil Procedure provides in part as follows:
 
 
 11
 '* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *'
 
 
 12
 The appellant frankly admits that by embodying its objection to the instruction on the Commission's Rule 114(a) in its motion for a new trial, it did not comply with Rule 51 'so as to preserve the alleged error on the ground asserted, but it is asserted that the error complained of is of a clear and fundamental nature.' Continental further asserts that this court may 'on its own motion and in the furtherance of justice review fundamental errors not saved by proper objection.' Two decisions by this court are cited in support of the proposition: Smith v. Welch, 10 Cir., 189 F.2d 832 (1951); Allen v. Nelson Dodd Produce Co., 10 Cir., 207 F.2d 296 (1953).
 
 
 13
 In Smith v. Welch we said, 189 F.2d at page 836:
 
 
 14
 '* * * While we recognize the power of an appellate court in a proper case to consider on its own motion errors to which no objections were made, it should be exercised sparingly and only in exceptional cases and in the interest of justice.'
 
 
 15
 The question is whether the trial court's instruction on Commission Rule 114(a) was erroneous and, if so, whether the record in this case presents 'such an exceptional case (as) to warrant consideration of an error which was not properly presented to the trial court.'[1] Whether the instruction was erroneous depends upon whether Commission Rule 114(a), which is reproduced in the margin,[2] is a conservation rule only, or is as well a police regulation to protect individuals from injury.
 
 
 16
 The Act creating the New Mexico Oil Conservation Commission, in Section 65-3-11, N.M.S.A., 1953 Comp., contains this provision under the head of Enumeration of powers:
 
 
 17
 '* * * Apart from any authority, expressed or implied, elsewhere given to or existing in the commission by virtue of this act or the statutes of this state, the commission is hereby authorized to make rules, regulations and orders for the purposes and with respect to the subject matter stated herein, viz.:
 
 
 18
 '(5) To prevent fires; * * *'
 
 
 19
 Thus, the legislature expressly gave the Oil Conservation Commission authority to make regulations 'to prevent fires.' Even though the conservation of oil was the principal purpose for which the Commission was created, we are unwilling to suppose that the New Mexico legislature, in authorizing the Commission to make regulations to prevent fires, intended to restrict it to the making of regulations to protect oil from damage or destruction by fire. Such a supposition would be, it seems to us, most irrational and unduly legalistic. It is unthinkable that the lawmakers intended the Commission only to seek fire prevention to conserve oil, and did not intend it to seek to prevent fires in order to conserve other property and the lives of persons, like the appellant's decedent, peculiarly subject to the hazard of oil well fires.
 
 
 20
 So much for the creating and enabling legislation. As to Commission Rule 114, promulgated pursuant to the statutory enactment, we note that it is denominated as 'Safety Regulations.' Of course, this heading could be narrowly construed as meaning regulations for the safety of oil and hence for its conservation. This would be, we think, to substitute an unduly strict interpretation of language for practicality and actuality. It seems idle to suggest that in Rule 114(a) the Commission was seeking to prevent fires only to conserve oil and was not concerned with the safety of those who might be injured or killed by a fire at a well site.
 
 
 21
 From what has been said, we conclude and hold that the Act creating the Commission, though primarily an oil conservation measure, authorized the Commission to make regulations to prevent fires, not only to conserve oil but to protect lives and property. In like manner, we hold that the Commission intended its Rule 114(a) to prevent fire hazards in order to protect lives and other property as well as oil. Accordingly, we hold that the trial judge did not err in giving the instruction as to parts of Rule 114(a) of which the appellant complains.
 
 
 22
 Were it otherwise, however, we should not hesitate to say that the instruction challenged as erroneous was not of sufficient moment to justify us in noticing an error which was not preserved for appellate review. The appellant says in its brief:
 
 
 23
 '* * * The jury's verdict was based on the finding of a violation by Continental Oil Company of a portion of Rule 114(a) as promulgated by the New Mexico Oil Conservation Commission, which pertains to fire hazards. * * *'
 
 
 24
 If this were an accurate statement and if the instruction based on parts of Rule 114(a) were in fact erroneous, we might be warranted in considering the unpreserved error, even though we have said our authority to do so should be used 'sparingly,' and only in cases of clear and fundamental error. But the above excerpt from appellant's brief is not an accurate statement. There is nothing in the record to show or even indicate that the jury's verdict was based on a finding that appellant had violated the portions of Rule 114(a) to which the trial court alluded in its charge, and the appellant's statement that the verdict was so based is mere speculation.
 
 
 25
 Quite apart from the evidence that Continental violated Rule 114(a), there is ample other evidence in the record from which the jury could have concluded that appellant was negligent. So, the appellant's speculation that the jury based its verdict on the Rule 114(a) instruction-- even if the giving of that instruction were held to be erroneous-- does not raise this case into that rare class in which the appellate court will consider an error which was not preserved by proper objection in the trial court.
 
 
 26
 Affirmed.
 
 
 
 *
 Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation
 
 
 [1]
 Smith v. Welch, 189 F.2d at 837
 
 
 [2]
 'rule 114. SAFETY REGULATIONS
 '(a) All oil wells shall be cleaned into a pit or tank not less than 40 feet from the derrick floor and 150 feet from any fire hazard. All flowing oil wells must be produced through an oil and gas separator of ample capacity and in good working order. No boiler or portable electric lighting generator shall be placed or remain nearer than 150 feet to any producing well or oil tank. Any rubbish or debris that might constitute a fire hazard shall be removed to a distance of at least 150 feet from the vicinity of wells and tanks. All waste shall be burned or disposed of in such a manner as to avoid creating a fire hazard.'